[Civ. No. 534.   Fifth Dist.   Aug. 20, 1965.]

SPARROW'S REAL ESTATE SERVICE, INC., Petitioner, v. THE APPELLATE DEPARTMENT OF THE SUPERIOR COURT OF KERN COUNTY et al., Respondents; PAUL LITTLE, Real Party in Interest.

Donahue & Hastin, Kenneth N. Hastin and Gerald W. Goodsell for Petitioner.

No appearance for Respondents.

Richard C. Farrell for Real Party in Interest.

CONLEY, P. J.—This writ of review tests the meaning and effect of rule 107 of the California Rules of Court as to when a decision of the appellate department of the superior court becomes final.

On October 25, 1963, in a case entitled, "Sparrow's Real Estate Service, Inc. v. Paul Little," and numbered therein 31157, the Municipal Court of the Bakersfield Judicial District rendered judgment for the plaintiff, who is petitioner herein, and against the defendant in that action, who is real party in interest herein, for $825, together with costs of suit and attorneys' fees.

On November 8, 1963, the defendant, Paul Little, filed a notice of appeal to the Appellate Department of the Superior Court of Kern County, and, after a hearing, it affirmed the municipal court's judgment on March 2, 1964. This judgment of the appellate department became final seven days thereafter according to the explicit provisions of rule 107 of the California Rules of Court, which reads as follows:

"Rule 107. Rehearing and finality of judgments

"(a) [Time for rehearing] At any time before a judgment of an appellate department becomes final, as hereinafter provided it may vacate such judgment and order a rehearing.

"(b) [When judgment becomes final] Unless a rehearing shall be so ordered, every judgment of an appellate department shall become final as follows:

"(1) Upon the expiration of seven days after the same shall have been pronounced, unless one or more petitions for a rehearing shall have been filed within said period of time;

"(2) If one or more petitions for a rehearing shall have been filed within said time, then upon the expiration of 30 days after such judgment shall have been pronounced, if such rehearing shall not meanwhile have been granted, or upon the denial of all such petitions if all shall be sooner denied.

"(3) Where the judgment is modified before it becomes final, as above provided, the period specified herein begins to

run anew, as of the date of modification; but a change of the opinion without modification of the judgment does not postpone the time when the judgment becomes final.

"(c) [Petition, answer and determination] A petition for a rehearing must be served on all adverse parties before filing, and filed within seven days after the judgment shall have been pronounced, and shall not be filed unless accompanied by due proof of such service. An answer to any such petition may be served on the petitioning party and filed, if accompanied by due proof of such service, within three days after service of such petition. If a rehearing be ordered, the appellate department may place the case on the calendar for further argument or submit it for decision.

"(d) The periods of time specified in this rule shall be computed as provided in the Code of Civil Procedure, and extended in the cases and to the extent specified by section 12a of said code, but shall not be otherwise extended."

No petition for a rehearing was filed within seven days after the affirmance, but such a petition in form was in fact filed by Paul Little with the clerk on March 11, 1964, two days after the judgment had become final. On April 1, 1964, the appellate department made an order purporting to grant the petition for rehearing; on April 27, 1964, it set aside its former decision affirming the lower court's judgment, and still later, on February 10, 1965, it purported to reverse the judgment of the municipal court.

The record shows that on February 17, 1965, Sparrow's Real Estate Service, Inc., filed a petition for rehearing in the appellate department, which was denied; that on March 19, 1965, petitioner made an unavailing motion to set aside the second decision on the theory that the original judgment of the appellate department of the superior court had become final, that it was binding, and that there was no jurisdiction on the part of the appellate department of the superior court to render a second judgment. On March 26, 1965, appellant moved to be relieved from default for the late filing of his prior motion for rehearing, and the court afterwards purported to grant the motion. A remittitur based wholly on the second judgment was issued by the appellate department of the superior court.

Irrespective of the merits of the trial in the municipal court or whether, as a matter of first impression, the plaintiff would have been entitled to judgment as granted by that

court and originally affirmed by the appellate department, it is our duty to decide whether the first decision of the superior court finally determined the appeal. Theoretically, an incorrect judgment in which an appellate court misapprehends either the law or some factual element of the litigation is unthinkable. Actually, however, there have been erroneous decisions which are binding solely because of the passage of time and irrespective of the errors contained in them. The purported reversal of the municipal court judgment might be correct from an abstract point of view or it might be erroneous, but if the Appellate Department of the Kern County Superior Court had lost jurisdiction to grant a rehearing after the expiration of the seven days from the first decision, it would have had no right to set it aside and embrace a directly opposite legal conclusion. If there was no jurisdiction to proceed further, we would have to hold accordingly, even if, abstractly considered, the second conclusion of the court reversing the judgment was otherwise theoretically correct and the first conclusion affirming the judgment hypothetically erroneous.

There are situations in our legal system in which the time limit for specific actions is made unalterable. For example, the time within which a notice of intention to move for a new trial in the superior court may be given under section 659 of the Code of Civil Procedure cannot be extended (*Union Collection Co.* v. *Oliver,* 162 Cal. 755 [124 P. 435]; *Kisling* v. *Otani,* 201 Cal.App.2d 62, 67-68 [19 Cal.Rptr. 913]; *McFarland* v. *Kelly,* 220 Cal.App.2d 585, 587 [33 Cal.Rptr. 754]), and as a general rule and with specifically enumerated exceptions, the superior court's power to pass upon a motion for a new trial lapses 60 days after service of written notice of the entry of judgment. (Code Civ. Proc., § 660; *Hinrichs* v. *Maloney,* 169 Cal.App.2d 544, 546 [337 P.2d 471]; *Muller* v. *Municipal Court,* 176 Cal.App.2d 156, 161 [1 Cal.Rptr. 207]; *Sherman* v. *Panno,* 129 Cal.App.2d 375, 378 [277 P.2d 80].)

Also, we must keep in mind the inflexible rule with respect to appeals from the superior court; except as otherwise provided by law, if the 60-day limitation for appeals in civil cases, or the 10-day limit in criminal cases, expires, there is, generally speaking, no right to take the case to an upper court even if the losing party should correctly believe that the judgment against him is clearly erroneous and contrary to elementary legal principles. (Cal. Rules of Court, rules 2 and 31.)

■ Again, when 30 days have passed after the filing of an opinion by a District Court of Appeal, that court no longer has a right to modify the opinion which it has filed, even though the three judges were then to believe that a major mistake has been made. (Cal. Rules of Court, rule 24.)

There must obviously be a limitation on the right to ask for further action on the part of a court. If it were not for this principle, there might well be no end to litigation and "the law's delay" would be even more apparent. Counsel for the real party in interest professes to find that inferences based on rule 144 of the California Rules of Court give to the appellate division of the superior court jurisdiction for all purposes prior to the issuance of the remittitur. ■ We fail to find that rule 144 constitutes any amendment, expressly or impliedly, to rule 107.

■ The time limit set forth in rule 107 of the California Rules of Court is not subject to extension or exception; it is inflexible; the first opinion and judgment of the Appellate Department of the Kern County Superior Court became final, effective, and binding at the expiration of seven days after the filing of the original opinion, and the superior court lost jurisdiction to decide the appeal a second time.

It is, therefore, ordered that the Appellate Department of the Superior Court of Kern County recall the remittitur in the case, and that said court further order that a new remittitur issue affirming the municipal court judgment as of the 10th day of March, 1964, in accordance with its first opinion filed on March 2, 1964.

Brown (R.M.), J., concurred.