[Civ. No. 49697. First Dist., Div. Three. July 28, 1980.]

WILLIAM THOMAS WEIGHAND, Petitioner, v.
THE APPELLATE DEPARTMENT OF THE SUPERIOR COURT
OF SANTA CLARA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Gerald A. Emanuel, Mayron, Emanuel, Ince & Hayes and John P. Hayes for Petitioner.

Louis P. Bergna, District Attorney, for Respondent.

George Deukmejian, Attorney General, and Robert R. Granucci, Deputy Attorney General, for Real Party in Interest.

**OPINION**

**WHITE, P. J.**—This petition seeks to prevent rehearing of an appeal decided by the Appellate Department of the Santa Clara County Superior Court. ■ We conclude that the grant of rehearing was untimely and issue writ of prohibition to restrain further proceedings on rehearing.

After denial of his motion to suppress evidence in the municipal court, petitioner appealed to the appellate department (Pen. Code, § 1538.5, subd. (j)). On March 20, 1980, that court filed its opinion reversing the municipal court ruling.

California Rules of Court, rule 107(a), provides that the appellate department may vacate its judgment and order a rehearing "[a]t any time before a judgment. . .becomes final." Rule 107(b) provides: "Unless a rehearing shall be so ordered, every judgment of an appellate department shall become final. . .(2) If one or more petitions for a re-

hearing shall have been filed...then upon the expiration of 30 days after such judgment shall have been pronounced, if such rehearing shall not meanwhile have been granted, or upon the denial of all such petitions if all shall be sooner denied."

Following judgment, the People petitioned for rehearing or, in the alternative, certification to this court. (Cal. Rules of Court, rule 62.) The only action taken by the appellate department during the first 30 days from time of judgment was on April 18, 1980, to send a form letter entitled "Notice of Hearing," scheduling hearing on a "motion for certification or rehearing."

The hearing took place May 1, 1980, for the purpose of determining whether rehearing should be granted. At the hearing petitioner objected to the jurisdiction of the court to grant rehearing after the 30-day period had expired. The People argued that the sending of notice on April 18, 1980, prior to the running of the 30 days "had the effect of staying the Order from becoming final on the thirtieth day." On May 21, 1980, without explanation of its reasons, the appellate department issued a notice of hearing, scheduling "rehearing on appeal" for June 5, 1980. We have stayed that hearing.

The Attorney General's argument to this court is the same as that presented below: that the order of April 18 was a grant of rehearing or a modification of the decision within the 30-day period. We reject that interpretation as wholly unjustified by the document sent on April 18, 1980. That document did no more than schedule a hearing. It purported to do no more. The hearing was on a "motion for certification or rehearing." If the notice of motion was itself a grant of rehearing, then the May 1, 1980 hearing was without purpose. On May 1, the court did not treat the April 18 order as a grant of rehearing. It entertained argument on the motion to rehear and one judge even expressed tentative agreement with petitioner on the jurisdictional issue.

"The time limit set forth in rule 107 of the California Rules of Court is not subject to extension or exception; it is inflexible...." (*Sparrow's Real Estate Service, Inc.* v. *Appellate Dept. of Superior Court* (1965) 236 Cal.App.2d 739, 743 [236 Cal.Rptr. 739, 46 Cal.Rptr. 332].) The 30-day limit set by the rule would become nearly meaningless if it could be avoided by the court merely sending a notice of hearing before expiration of the 30 days and entertaining oral argument at some later date on the rehearing petition.

The law is clear and the court sees no purpose to be served by issuing an alternative writ. The issues have been fully presented, and an alternative writ would only cause undue delay. We therefore issue a peremptory writ in the first instance. (Code Civ. Proc., §§ 1088, 1105; *San Diego Wholesale Credit Men's Assn.* v. *Superior Court* (1973) 35 Cal.App.3d 458 [110 Cal.Rptr. 657]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

Let a peremptory writ of prohibition issue restraining the Santa Clara County Superior Court (Appellate Department) from taking any further action in the rehearing proceeding, appellate No. CR 1246, *People v. William T. Weighand*, other than to vacate the rehearing proceedings.

Scott, J., and Broaddus, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.