Brennan *v.* Swasey.

---

BRENNAN *et al. v.* SWASEY, ADMINISTRATOR, *et al.*

THE notice of mechanic's lien, filed in the Recorder's office, need not set out the items of the account; a general statement of the demand, showing its nature and character, and the amount due or owing thereon, is sufficient.

A party having secured a mechanic's lien under the statute, does not forfeit or waive it, by causing an attachment to be issued and levied upon property of the debtor to secure the same demand. The two remedies are *cumulative*, and both may be pursued at the same time.

If the party attempts to pursue them in separate actions, he might be put to his election; but it is no defense to an action to enforce the mechanic's lien, that in a previous suit for the same debt an attachment was issued and levied upon the property of the debtor, particularly when such suit had been dismissed, and nothing was realized by the attachment.

APPEAL from the Ninth District.

Suit originally against one Young, to enforce a mechanic's lien. Plaintiffs performed work and furnished materials for Young, and in due time, to wit: August 9th, 1858, filed their notice of lien. The account is in general terms, stating the amount, and that it was for work and materials, but without giving the items. Young having given plaintiffs his note for the larger portion of this claim, they brought suit on it against him by attachment, August 9th, 1858, and levied it on the property against which their lien existed, and other property of the debtor. No answer was filed, no default or judgment taken, no money paid, and the suit dismissed January 25th, 1859.

September 25th, 1858, Loag, intervenor herein, began suit against Young, to foreclose liens acquired August 9th, 1858, by him, on the same premises. After regular publication of notice of this suit, according to the statute, plaintiffs here and one Kempt, who also filed a lien and attached August 9th, 1858, appeared on the day required in such notice; but the attachment suits being still in force, they dismissed the petitions filed by them under Loag's notice, without prejudice, and Loag, January 27th, 1859, had decree for his debt, the property was sold thereunder and bought in by him. He now resists the enforcement of the liens of plaintiffs and Kempt. Kempt took judgment in his attachment suit. Kempt intervenes in this suit, and asks leave to prove his account and lien. Loag intervenes, and avers that he is in possession of the property under his judgment and the sale thereunder; that plaintiffs filed their attachment suit before they filed their lien, though on the same day; and that they have no valid claim on the premises.

The Court below gave plaintiffs judgment for the amount of their lien against the administrator of Young, who died pending the suit, but refused to enforce the lien against the property. Plaintiffs appeal.

*R. T. Sprague,* for Appellants.

1. The only effect of the failure of plaintiffs to prove up their lien

Brennan *v.* Swasey.

under the notice given by Loag is, that he acquired the right to be first satisfied, to the extent of his lien, out of the proceeds of the sale of the property.

2. Plaintiffs did not, by their attachment suit, elect that remedy and forfeit their lien. *(Black* v. *Lackey,* 2 B. Munroe, 257 ; *Peak et al.* v. *Bull et al.,* 8 Id. 429 ; *Coleman* v. *Cross,* 4 Id. 269 ; *Gibson* v. *Findley,* 4 Md. Ch. Dec. 75 ; *Bradford* v. *Williams,* 2 Id. 1 ; *Jackson* v. *Burlett,* 8 Johns. 361 ; *Almy* v. *Harris,* 5 Id. 175 ; *Wells, Fargo & Co.* v. *Robinson,* 13 Cal.)

*Isaac Baggs,* for Loag, Respondent.

1. The plaintiffs elected to pursue the remedy by attachment, instead of enforcing their lien, and hence abandoned the latter. They could not attach, if they were secured by a lien, and making the oath on the attachment, shows they waived the lien. *( Wells, Fargo & Co.* v. *Robinson,* 13 Cal. and cases cited.)

2. The items in an account for a lien need not be given. *(Heston* v. *Martin,* 11 Cal. 41.)

COPE, J. delivered the opinion of the Court—BALDWIN, J. concurring.

The decree in this case cannot be maintained. The lien claimed by the plaintiffs was properly secured under the statute. It was unnecessary to set out the items of the account. Nothing more was required than a statement of the demand, showing its nature and character, and the amount due or owing thereon.

The plaintiffs did not waive their lien by bringing an action, and causing an attachment to be issued and levied upon property of the debtor to secure the same demand. The two remedies are cumulative, and both may be pursued at the same time. In case of an attempt to pursue them in separate actions, the party *might* be put to his election, but it is no defense to an action to enforce the lien that in a previous suit for the same debt an attachment was issued and levied upon the property of the debtor, and particularly where, as in this case, such suit has been dismissed, and nothing realized by the attachment.

Judgment of the Court below reversed, and the cause remanded for a new trial.