## OLCOTT v. KOHLSAAT *et al.*

(*Supreme Court, General Term, First Department.* December 2, 1889.)

**1. JUDGMENT—RENDITION—PRAYER OF COMPLAINT.**
　　A complaint, in an action to enforce a lien on a bond held as collateral security, demanded a sale of the debtor's interest in the bond, and a deficiency judgment, but did not demand a judgment for the debt. *Held,* under Code Civil Proc. N. Y. § 1207, providing that where there is no answer, plaintiff can recover no other or different judgment than is demanded in the complaint, that a judgment against the debtor for the amount of the debt was unauthorized.

**2. JUDGMENT—CORRECTION.**
　　An irregular judgment may be corrected, on motion, by the trial court.

Appeal from special term, New York county.

Action by Frederic P. Olcott, as receiver of the Wall Street Bank, against John W. Kohlsaat, Sarah J. Kohlsaat, his wife, and the mayor, aldermen, and commonalty of the city of New York. Judgment was entered against John W. Kohlsaat, and subsequently an order was made vacating such judgment. Plaintiff appeals from the order vacating and setting aside so much of the judgment in this action as adjudged that the defendant John W. Kohlsaat is indebted to the plaintiff, upon the note mentioned in the complaint, in the sum of $4,000, with interest thereon from the 18th day of June, 1884, amounting, in all, to the sum of $5,109.86; and that the interest of the said John W. Kohlsaat in the said bond be sold at public auction, in the city of New York, by Seth S. Terry, who is hereby appointed referee for that purpose; and that the said referee give public notice of the said sale, by advertising the same, one week before the said sale, once, in two daily newspapers published in the city of New York, to-wit, the Daily Register and the New York Law Journal; and that, after the payment of the expenses of such sale, he shall apply the balance of the proceeds thereof to the payment of the said sum, and interest, and that, if there be any deficiency, the defendant John W. Kohlsaat pay the same to the plaintiff, together with the costs of this action, to be taxed; and that the plaintiff have judgment for such deficiency, if any, with costs, as aforesaid.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Shearman & Sterling,* (*Thomas G. Shearman* and *Everett P. Wheeler,* of counsel,) for appellant. *Burnett & Whitney,* for respondent.

DANIELS, J. This portion of the judgment was vacated and set aside for the reason that it was not included in the demand contained in the complaint, and the defendant affected by it had not answered, but made default. The demand for judgment contained in the complaint was: "Wherefore, the plaintiff demands judgment—(1) That the defendants Sarah J. Kohlsaat and John W. Kohlsaat, and all persons claiming under them, or either of them, be barred and foreclosed of all right, claim, equity of redemption, or other interest in the said bond; (2) that the defendants the mayor, aldermen, and commonalty of the city of New York transfer the said bond, upon the books of its comptroller, to the plaintiff; (3) that the said bond be sold, and the proceeds applied to the payment of the amount due on the said note; (4) that the defendants, the mayor, aldermen, and commonalty of the city of New York pay to the plaintiff the interest which has accrued upon the said bond since the 20th day of July, 1885; (5) that, if the said bond should become due before it can be sold as aforesaid, the defendants the mayor, aldermen, and commonalty of the city of New York pay to the plaintiff the amount thereof, and all interest which has accrued thereon from the 20th day of July, 1885; (6) that, if there be any deficiency, the defendant John W. Kohlsaat pay the same to the plaintiff." And it included no further relief against this defendant than that he should be barred and foreclosed of all right, claim, equity of redemption, or other interest in the bond, and charged with any deficiency remaining after its sale. No claim was made against him for the recovery of the debt or loan which he had incurred, or which the bank made to him; and as he had not answered, the plaintiff could recover no other or different judgment against him, in any event, than that contained in this demand. Code Civil Proc. § 1207. All the relief which was claimed against this defendant was incidental to the action, as one for the foreclosure and sale of the bond; and when that failed the right of the plaintiff to relief against this defendant necessarily failed with it. So much of the judgment as was stricken out was consequently entered without authority. Besides that, it appeared from the finding of facts in the case that this defendant had no interest whatever in the bond which the plaintiff had the right to sell under any judgment to be entered in the suit. This part of the judgment, for that reason, also, was without authority.

When a judgment may be irregularly entered, as this was against the re spondent, then it may be corrected by a motion made to the court before which the trial has taken place. *Da Lavallette* v. *Wendt*, 75 N. Y. 579; *Ladd* v. *Stevenson*, 112 N. Y. 326, 19 N. E. Rep. 842; *Leonard* v. *Navigation Co.*, 84 N. Y. 48; *People* v. *Goff*, 52 N. Y. 434; *Cagger* v. *Lansing*, 64 N. Y. 417; *Cole* v. *Tyler*, 65 N. Y. 77; *Hatch* v. *Bank*, 78 N. Y. 487; *Dinsmore* v. *Adams*, 48 How. Pr. 274. The order which was made was right, and it should be affirmed, with $10 costs, and also the disbursements.