[L. A. No. 9128.   Department One.—February 25, 1928.]

S. Y. FAUCETT, Respondent, v. E. RIVEROLL et al., Defendants; HELLMAN COMMERCIAL TRUST & SAVINGS BANK (a Corporation), Appellant.

Page, Nolan, Rohe & Hurt and Arthur F. Coe for Appellant.

J. K. Jaffray for Respondent.

CURTIS, J.—Action to recover the balance due for grading streets, filling in certain lots, and removing earth from others in a tract of land in the city of Beverly Hills, in the county of Los Angeles, and to foreclose a lien upon said tract of land for said unpaid balance. The prayer of the complaint was as follows: "Wherefore plaintiff prays judgment against defendants for the sum of $5,357.70, with interest from January 28, 1925, and costs; that said sum be declared to be a lien upon the lands heretofore mentioned; that said lands may be ordered sold to satisfy such lien, and that the proceeds may be applied to the costs of sale and upon such judgment; that a deficiency judgment may be entered against defendants for the amount of the judgment not satisfied by such sale; and for all other equitable relief in the premises."

The summons was served upon the defendant, Hellman Commercial Trust & Savings Bank, and said defendant failed to answer. Thereupon its default for failure to answer was regularly entered. The action came on regularly for hearing, and the plaintiff dismissed the same as to all defendants except the defendant Hellman Commercial Trust & Savings Bank. Judgment was thereupon entered against said last-named defendant for said sum of $5,357.70, together with interest thereon and costs. From this judgment the said defendant has appealed.

On this appeal appellant contends that the court had no power or authority to enter the judgment which it did in this action against appellant upon its default. Appellant claims that such a judgment is not permissible or warranted by section 580 of the Code of Civil Procedure, which reads as follows: "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case, the court may grant him any relief consistent with the case made by the complaint and embraced within the issue."

It is defendant's position that the judgment in this action exceeds the prayer of the complaint, in that, as claimed by

appellant, the prayer of the complaint only asks for a deficiency judgment against appellant after the sale of the premises described in the complaint to satisfy the lien claimed by the plaintiff against said premises, while the judgment rendered was a personal judgment against appellant for the full amount of plaintiff's demand. We are not able to acquiesce in this construction of the prayer of the complaint. By reference to it, as it appears above, it will be noted that the plaintiff therein expressly "prays judgment against defendants for the sum of $5,357.70." While the prayer further asks that the sum be declared to be a lien upon said real property; for a sale of the premises; and a deficiency judgment against said defendants for the amount of the judgment not satisfied by such sale, this subsequent portion of the prayer cannot be taken as any limitation upon that portion of the prayer preceding it. The prayer must be considered and construed as a whole, and as so considered and construed the relief demanded therein was sufficiently broad to include a personal judgment against appellant. The complaint alleges that the work and labor mentioned therein was performed for all the defendants, including the appellant. A personal action, therefore, would lie against the appellant to recover the debt sued for, independent of his right of action to foreclose a lien therefor. (Code Civ. Proc., 1197.)

Appellant has cited a number of authorities in support of its position, with none of which do we differ. They do not, however, apply to the facts in this case. It claims that the case of *Olcott* v. *Kohsaat*, 55 Hun, 607, 8 N. Y. Supp. 117, is exactly like the one under consideration. It is more like the present action than any other cited by it, but we think it fails in an important respect to present a state of facts like those in the present action. In the case referred to, quoting from its syllabus, which defendant relies upon to support his contention, "A complaint, in an action to foreclose a lien on a bond held as collateral security, demanded a sale of the debtor's interest in the bond, and a deficiency judgment, but did not demand a judgment for the debt. Held under Code Civil Proc., N. Y., Sec. 1207, providing that where there is no answer, plaintiff can recover no other or different judgment than is demanded in the complaint, that a judgment against the debtor for the amount of the debt

was unauthorized." It will be seen in that action that there was not, as there was in the present action, any demand for a personal judgment against the defendant. This fact differentiates it from the present action and renders it, as an authority in appellant's behalf, of no value. The relief granted by the judgment in the present action did not exceed that demanded in the prayer of the complaint.

The judgment, therefore, is valid and binding upon appellant.

Judgment affirmed.

Seawell, J., and Preston, J., concurred.