[Civ. No. 6722. First Appellate District, Division One.—July 2, 1929.]

WM. J. BETTINGEN LUMBER COMPANY (a Corporation), Appellant, v. GERALD E. KERRIN et al., Respondents.

Carter & Webster and Wilton J. Webster for Appellant.

Harry M. Ticknor and Roland Maxwell, for Respondents.

THE COURT.—The above action was brought by plaintiff corporation to foreclose a mechanic's lien upon certain real property of which Gerald E. and Ethel V. Kerrin are the alleged owners, and to recover a personal judgment against Gerald E. Kerrin, who will be hereinafter referred to as the defendant.

The complaint alleged that the defendant, prior to April 15, 1926, began the erection of a dwelling-house and garage upon the property, and that between June 29, 1926, and

December 14, 1926, the plaintiff sold to him certain building material to be used and which was used in the construction of the buildings mentioned; that the defendant promised to pay the reasonable value thereof, which was $1637.56, and that of this amount $729.87, and no more, had been paid. The complaint contained further allegations to the effect that a claim of lien for the amount unpaid was filed in accordance with the statute, and that the property was necessary for the convenient use and occupation of the buildings for the erection of which the materials were furnished. Other defendants, who were alleged to have or claim an interest in the property, were joined, and the complaint concluded with the following prayer:

"Wherefore, plaintiff prays judgment against the defendant Gerald E. Kerrin for the sum of nine hundred seven and 69/100 dollars, and the cost of recording and verifying said claim of lien, to-wit: the sum of $1.40, together with interest on said sums at the rate of seven per cent per annum from November 22nd, 1926, the date of recordation of said claim of lien, and for costs of this action; and that said sums be adjudged a lien upon the real property and said buildings thereon hereinbefore described, and upon the interest or interests of defendants and each and all of them therein.

"That the said lands and premises and appurtenances thereunto belonging be adjudged and decreed to be sold by the sheriff of Los Angeles county according to law and the practice of this court, and that the proceeds of said sale be applied as follows: To the payment of costs of sale and any judgment that may be recovered by plaintiff herein, including the cost of verifying and recording said claim of lien as aforesaid; and that it may have execution against said defendant Gerald E. Kerrin for any and all deficiency which may remain after applying all the proceeds of said sale properly applicable to the satisfaction of said judgment.

"That plaintiff may be a purchaser at such sale, and that the sheriff execute a deed to the purchaser, and said purchaser be let into possession of said premises on production of the sheriff's deed therefor; and for such other and further relief as to this court may seem meet and proper."

The plaintiff, following the filing of its complaint, filed an undertaking on attachment, with an affidavit in the usual

form, alleging the defendant to be indebted upon the contract as stated in the complaint, and on February 17, 1927, the clerk of the court caused to be issued a writ of attachment directed to the sheriff of Los Angeles County. Pursuant thereto and according to instructions this officer levied upon the right, title and interest of said defendant in several parcels of real property situated in that county other than that upon which the mechanic's lien was filed. Subsequently the defendant and Ethel V. Kerrin, upon notice to the plaintiff, moved to dissolve the attachment upon the ground stated in the notice, namely, "that said motion will be made upon the ground that said action is an action solely for the foreclosure of a mechanic's lien and the relief incidental thereto, and constitutes an election to pursue the remedies incidental thereto, to the exclusion of those which might be available at a personal action, and by reason of the said facts the remedy of attachment is not available therein." After a hearing the motion was granted, and from the order the plaintiff appealed, claiming that the attachment was properly issued and its dissolution erroneous.

Section 1197 of the Code of Civil Procedure provides as follows: "Nothing contained in this chapter shall be construed to impair or affect the right of any person to whom any debt may be due for work done or materials furnished to maintain a personal action to recover said debt against the person liable therefor; and the person bringing such personal action may take out an attachment therefor notwithstanding his lien, and in his affidavit to procure an attachment need not state that his demand is not secured by a lien; but the judgment, if any, obtained by the plaintiff in such personal action shall not be construed to impair or merge any lien held by said plaintiff under this chapter; provided only that any money collected on said judgment shall be credited on the amount of such lien in any action brought to enforce the same, in accordance with the provisions of this chapter."

Under this section the right to a lien is not the exclusive remedy. A personal action against the person who purchased materials furnished for the erection of a building may be maintained without reference to such right, or, in an action to foreclose the lien the purchaser may be joined as a defendant and a personal judgment recovered against him

(*Fresno Planing Mill Co.* v. *Manning,* 20 Cal. App. 766 [130 Pac. 196]), whether he be the contractor (*Giant Powder Co.* v. *San Diego Flume Co.,* 78 Cal. 193 [20 Pac. 419]) or the owner (*Faucett* v. *Riveroll,* 203 Cal. 438 [264 Pac. 1098]). Prior to the adoption of the section it was the rule, as held in *Brennan* v. *Sweasey,* 16 Cal. 140, that one having secured a mechanic's lien under the statute did not forfeit or waive it by causing an attachment to be issued and levied upon the property belonging to the debtor to secure the same demand. The court in that case also declared that the two remedies were cumulative and might be pursued at the same time.

Reference was made to the above case in *Martin* v. *Becker,* 169 Cal. 301 [Ann. Cas. 1916D, 171, 146 Pac. 665], wherein the court said: ". . . It has been held that the right to enforce a mechanic's lien was not lost by reason of the fact that the plaintiff, by levying an attachment upon other property, thereby obtained additional security." Moreover, in *Brennan* v. *Sweasey, supra,* it was intimated that in case of an attempt to pursue the two remedies by separate actions the party might be put to an election; and it was with reference to expressions in that opinion that the court in *Hickman* v. *Freiermuth,* 21 Cal. App. 629, 635 [132 Pac. 772, 775], said: "It was probably in view of this tentative suggestion that section 1197 was afterward enacted." We think, as was suggested in the case last cited, that it was the purpose of the enactment to remove any doubt which the opinion in *Brennan* v. *Sweasey* might have created respecting the right to pursue the above remedies in separate actions without being put to an election, and not to compel that course to be followed by abrogating a rule previously recognized by law. This rule has been followed in other jurisdictions where, as in Califorina (1 Cal. Jur., Actions, sec. 39, p. 358), both legal and equitable relief may be granted in the same action. The case of *Hatcher* v. *Hendris etc. Co.,* 133 Fed. 267, 271, was commenced in the courts of Colorado and subsequently removed to the federal court. The original action was one to enforce a mechanic's lien and also to recover the contractual debt which it secured. The laws of Colorado expressly authorized attachments in actions on contract, and the statute providing for the enforcement of mechanics' liens declared that "No remedy

given in this act shall be construed as preventing any person from enforcing any other remedy which he otherwise would have had, except as otherwise provided herein." In sustaining the right to pursue both remedies in the same action the court said: "The rule is general, in the absence of some provision to the contrary, that the remedy upon mechanics' lien and the remedy upon the debt are distinct and concurrent, and may be pursued at the same time or in succession (*West* v. *Fleming*, 18 Ill. 248 [66 Am. Dec. 539]; *Marean* v. *Stanley*, 5 Colo. App. 335 [38 Pac. 395]; Phillips on Mechanics' Liens, 3d ed., sec. 311). In the courts of those states where the prescribed procedure, like in Colorado (Mills' Annotated Code, secs. 1–70), permits a blending together of proceedings at law and in equity, both remedies . . . may be pursued in the same action."

It frequently happens that the property subject to liens proves to be insufficient to satisfy the claims filed, and the remedy by foreclosure being only ancillary to the main cause of action, which is the debt itself, no reason appears why, as against an owner personally liable, a claimant in an action to foreclose his lien should not be permitted to obtain by attachment additional security for the payment of a possible deficiency.

It is claimed by the defendant that while the complaint states a cause of action for the foreclosure of a mechanic's lien, the allegations are insufficient to constitute a cause of action upon a personal obligation to pay the value of the materials, and that the remedy by attachment was, consequently, not available in this instance. There is no merit in this contention, as the complaint alleges that the material used and to be used was purchased by the defendant, who agreed to pay its reasonable value, which is alleged, and the complaint prays judgment against the defendant for that sum. This was a sufficient statement of facts to warrant the entry of a personal judgment against the defendant (*Faucett* v. *Riveroll, supra*).

The record discloses nothing which, in our opinion, justified a dissolution of the attachment, and the order appealed from is accordingly reversed.