[Civ. No. 50978. First Dist., Div. Three. Feb. 6, 1981.]

DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
DICK FERGUSON, Real Party in Interest.

COUNSEL

George Deukmejian, Attorney General, and Marian M. Johnston, Deputy Attorney General, for Petitioner.

No appearance for Respondent.

Mitchell & Smith and Laurence B. Mitchell for Real Party in Interest.

OPINION

BARRY-DEAL, J.—This petition challenges trial court denial of administrative discovery in connection with enforcement of the California Fair Employment and Housing Act (Gov. Code, § 12900 et seq., formerly the California Fair Employment Practice Act, Lab. Code, § 1410 et seq. and the California Fair Housing Law, Health & Saf. Code, § 35700 et seq.) In essence the trial court denied discovery because it perceived procedural defects in petitioner's efforts. We have concluded that the trial court erred in its ruling and that discovery should have been permitted.

In response to a tenant's allegations of· racial slurs and a racially motivated eviction, petitioner, the Department of Fair Employment and Housing (hereinafter the Department) filed and served an administrative complaint against Fermar, Inc., and Dick Ferguson.[1] That complaint, No. FHL 79-80 G6-007, as amended to substitute Penco Associates for Fermar, Inc., has been pending since October 9, 1979. In accordance with the procedures for administrative discovery, the Department has twice sought superior court orders enforcing requests for discovery. This petition challenges trial court refusal to order Dick Ferguson to respond to the second discovery request.

The first set of interrogatories and requests for production of documents was issued in December of 1979 to Fermar, Inc. When there was no response, the Department sought an order to compel answers. Dick Ferguson filed a declaration stating that Fermar, Inc., had never owned the subject property. On the basis of that declaration, the Department requested dismissal without prejudice of its petition for an order compelling answers.

Thereafter, the Department amended its administrative complaint to name Penco Associates, the actual owner, instead of Fermar, Inc. A new set of interrogatories was issued to Penco and Dick Ferguson, and when there was no answer, the Department sought an order compelling response. The trial court refused enforcement and denied reconsideration of its order, finding a defect in the service upon Dick Ferguson.

The defect asserted by Ferguson requires some explanation. The administrative complaint was served upon Ferguson personally. On November 15, 1979, an attorney responded with a request that all further communication related to *Penco*'s involvement in the matter be directed to the attorney and that the Department make "no further inquiries of or communication with...Mr. Ferguson or anyone else but me." When the second set of interrogatories was sent, it was directed to the attorney and not to Mr. Ferguson. At the hearings on the petition to compel response and on the motion for reconsideration, counsel for Ferguson argued that service was improper because Ferguson was not personally served. He contended that his advice about serving counsel applied only in the first proceeding, which had been dismissed, and that the service in the second proceeding could not be justified by his letter

---

[1] The complaint was actually filed by petitioner's predecessor, the Division of Fair Employment Practices, Department of Industrial Relations.

of November 15, 1979. The trial court accepted that argument and placed the burden on the Department to begin again.

■ Petitioner's argument, which we accept, is that dismissal of the first trial court proceeding to enforce discovery had no effect upon the pending complaint itself or upon counsel's advice that the Department not communicate directly with Mr. Ferguson. Dismissal of the enforcement proceeding merely required the Department to reissue its discovery request. When the request was served upon counsel instead of Mr. Ferguson personally, the Department was complying with the request of counsel, which request had never been withdrawn or in any way nullified. Any argument that the letter of November 15, 1979, concerned only contact with Ferguson about Fermar's involvement in the incident is foreclosed by the letter's statement that inquiries about *Penco*'s involvement should be addressed to counsel, not to Ferguson. Clearly the effect of the November 15, 1979, letter survived dismissal of the enforcement proceedings related to the improvidently sent interrogatories. The Department's subsequent service of a second set upon counsel was proper. The trial court therefore abused its discretion in failing to compel Ferguson's response.

We have reached our conclusion after full briefing by the parties. Issuance of an alternative writ would only cause further undue delay in discovery. We therefore issue a peremptory writ in the first instance. (Code Civ. Proc., § 1088; *San Diego Wholesale Credit Men's Assn.* v. *Superior Court* (1973) 35 Cal.App.3d 458 [110 Cal.Rptr. 657]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

Let a peremptory writ of mandate issue directing the Santa Clara County Superior Court to (1) vacate its order of September 26, 1980, denying petitioner's motion to compel response to discovery requests and to (2) enter an order compelling real party Dick Ferguson to answer the discovery request of June 23, 1980.

White, P. J., and Feinberg, J., concurred.