[Civ. No. 54644. First Dist., Div. Three. July 2, 1982.]

MANUEL JESSE LARA, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Manuel Jesse Lara, in pro. per. for Petitioner.

No appearance for Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, William D. Stein, Assistant Attorney General, Ronald E. Niver and Jeffrey M. Bryant, Deputy Attorneys General, for Real Party in Interest.

OPINION

**FEINBERG, J.**—This petition for writ of mandate, filed in pro. per. by a criminal defendant, seeks to compel the trial court to issue a certificate of probable cause to permit him to appeal his conviction (Pen. Code, § 1237.5). We have concluded that the trial court erred in refusing to issue the certificate of probable cause. We issue writ of mandate.

On July 14, 1981, after the commencement of his rape trial, petitioner changed his plea to nolo contendere to each of the four counts. The court sentenced petitioner to six years on each count, all terms to run concurrently.

On September 11, 1981, the day before the 60-day deadline (Cal. Rules of Court, rule 31(d)), petitioner's notice of appeal and first declaration in support of an application for a certificate of probable cause were received by the county clerk. The declaration sought to raise three issues: 1) error in imposing the upper term of six years; 2) error in imposing a six-year term when petitioner rejected an initial offer of three years; and 3) petitioner was "under a great deal of stress and duress and under a great deal of misinformation & nonsupport from Public Defender's Office." On September 20, 1981, petitioner sent a supplemental declaration in support of application for a certificate of probable cause. This declaration raised 12 additional issues, numbered "4-15." Among them was a claim that petitioner was not informed that if convicted he would be required to register as a sex offender. On September 24, 1981, the court filed all the documents received from petitioner and denied the application for a certificate of probable cause. This petition followed.

Penal Code section 1237.5 provides that no appeal shall be taken from a judgment of conviction upon a plea of guilty or nolo contendere except where: "(a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings; and (b) The trial court has executed and filed a certificate of probable cause for such appeal with the county clerk." Rule 31(d), California Rules of Court, provides that:

"In cases in which a judgment of conviction was entered upon a plea of guilty or nolo contendere, the defendant shall file the statement required by Section 1237.5 of the Penal Code, which shall serve as a notice of appeal, within 60 days after the rendition of judgment, but the appeal shall not be operative unless the trial court executes and files the certificate of probable cause required by that section. Within 20 days after the defendant files his statement the trial court shall execute and file either a certificate of probable cause or an order denying such a certificate and shall forthwith notify the parties of the granting or denial of such certificate.

"If the appeal from a judgment of conviction entered upon a plea of guilty or nolo contendere is based solely upon grounds (1) occurring after entry of such plea which do not challenge the validity of the plea or (2) involving a search or seizure, the validity of which was contested pursuant to section 1538.5 of the Penal Code, the provisions of section 1237.5 of the Penal Code requiring a statement by the defendant and a ·certificate of probable cause by the trial court are inapplicable, but the appeal shall not be operative unless the notice of appeal states that it is based upon such grounds.

"The time for preparing, certifying and filing the record on appeal or for filing an agreed statement shall commence to run when the appeal becomes operative."

■ In ruling on an application for certificate of probable cause, "[t]he trial court's sole objective is to eliminate those appeals 'having no possible legal basis' by refusing to issue a certificate of probable cause. [Citations.] Section 1237.5 requires the trial court to certify any arguably meritorious appeal to the appellate courts. Thus, if the statement submitted by the defendant in accordance with section 1237.5 presents any cognizable issue for appeal which is not *clearly* frivolous and vexatious, the trial court abuses its discretion if it fails to issue a certificate of probable cause. [Citations.]" (*People v. Holland* (1978) 23 Cal.3d 77, 84 [151 Cal.Rptr. 625, 588 P.2d 765].)

The Attorney General does not contend that each and every issue raised in petitioner's declarations is a frivolous and vexatious issue. Instead, he argues that some of the issues are cognizable on appeal even without a certificate of probable cause, some of the issues were only presented in the supplemental declaration which was filed after the 60-day deadline, various of the issues are not meritorious, and some of the issues were not set forth sufficiently in the declarations.

We will not discuss in detail each of the issues raised by the declarations and each of the Attorney General's arguments. Those are matters to be considered in deciding the appeal itself. ■ We will observe, however, that the record does not show that petitioner was advised of the requirement of registering as a sex offender (Pen. Code, § 290) before he entered his plea. The California Supreme Court has stated that the registration requirement is one of the direct consequences concerning which advice must be given. (*Bunnell v. Superior Court* (1975) 13

Cal.3d 592, 605 [119 Cal.Rptr. 302, 531 P.2d 1086]; *In re Birch* (1973) 10 Cal.3d 314 [110 Cal.Rptr. 212, 515 P.2d 12].)

The Attorney General suggests that the trial court could have refused to issue a certificate of probable cause to appeal that issue because it was raised in the supplemental declaration which was filed late. However, the initial declaration and supplemental declaration were filed the same date and the court's order mentioned declaration in the singular. Implicitly, the court treated the two declarations as one and denied them together on the merits, not one on the merits and one for timeliness.

■ The Attorney General also argues that even assuming petitioner was not properly advised of the consequences of his plea, prejudice must be shown before his conviction will be reversed. Without deciding whether the Attorney General has correctly stated the law, we conclude that he is mistaken in suggesting that the trial court could have properly denied the certificate of probable cause by concluding that any error would not cause reversal. Where error of this magnitude is asserted, an appeal which raises it may not be considered "clearly frivolous and vexatious" merely because the trial judge considers the error not to be reversible.

We conclude that the registration issue alone should have caused the trial court to issue a certificate of probable cause. The trial court's abuse of discretion is further shown by the Attorney General's concession that some of the issues could have been raised on appeal without a certificate of probable cause. ■ If a declaration presents issues some of which are appealable and others of which the trial court deems insufficient for issuance of a certificate of probable cause, the least consideration the trial court could give would be to advise the defendant that he may appeal some of the issues without a certificate of probable cause. A defendant who has filed a notice of appeal in the mistaken hope that a certificate of probable cause will be granted to permit appeal of all issues should at least be permitted to amend the notice to specify only issues cognizable without a certificate of probable cause. He should not be denied his appeal on those issues merely because of initial hopes to appeal more issues and ignorance concerning which issues can be appealed without a certificate.

We have reached the foregoing conclusion after full briefing by the parties. No purpose would be served by issuance of an alternative writ,

which would merely add further delay to the erroneously delayed appeal. We therefore issue a peremptory writ in the first instance. (Code Civ. Proc., § 1088; *San Diego Wholesale Credit Men's Assn.* v. *Superior Court* (1973) 35 Cal.App.3d 458 [110 Cal.Rptr. 657]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

Let a peremptory writ of mandate issue directing the Alameda County Superior Court to vacate its order denying petitioner's application for a certificate of probable cause and to issue a certificate of probable cause, thus enabling petitioner to pursue his appeal.

White, P. J., and Barry-Deal, J., concurred.