[No. A018586. First Dist., Div. Three. Oct. 14, 1982.]

RCA SERVICE COMPANY, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
PETER BULLOCK, Real Party in Interest.

COUNSEL

Berman & Clark and Gail M. Robillard for Petitioner.

No appearance for Respondent.

John D. Maatta for Real Party in Interest.

OPINION

**SCOTT, Acting P. J.**—Petitioner seeks writ of mandate compelling the trial court to grant petitioner's request for a writ of possession to recover telephone equipment leased to real party in interest. Real party's only defense to the claim of possession is that the equipment was defective. We conclude that real party's alleged right to damages based upon the defects is independent of petitioner's right to possession. Thus, petitioner is entitled to a writ of possession.

Real party in interest leased television and telephone equipment from petitioner and failed to make full payment on the lease agreements, alleging defects

in the telephone equipment. On March 3, 1982, petitioner filed a complaint seeking repossession, followed by an application for a writ of possession (Code Civ. Proc., § 512.060). The trial court granted the writ regarding the televisions, but denied the writ insofar as it sought return of the telephone equipment.

Code of Civil Procedure section 512.060 provides in part: "(a) At the hearing, a writ of possession shall issue if both of the following are found:

"(1) The plaintiff has established the probable validity of his claim to possession of the property.

"(2) The plaintiff has provided an undertaking as required by Section 515.010."

Code of Civil Procedure section 511.090 defines "probable validity": "A claim has 'probable validity' where it is more likely than not that the plaintiff will obtain a judgment against the defendant on that claim."

The facts of the instant case establish the "probable validity" of petitioner's claim for possession. Petitioner did not sell, but merely leased, equipment to real party. Whatever real party's right may be to damages for the alleged defects in the equipment, it cannot defeat petitioner's ownership rights and right to reclaim the equipment. The claim for possession and the claim for damages are unrelated. Real party does not contend that either the contract or any legal theory establishes that the lessee may obtain ownership rights in the leased equipment in lieu of damages.

Real party no doubt would prefer to retain possession as a bargaining tool or to insure easy access to petitioner's assets in the event of a money judgment in favor of real party. However, real party is not without protection, in light of the requirement that petitioner file a written undertaking which will provide for payment to real party "of any sum he may recover against plaintiff" (Code Civ. Proc., § 515.010, subd. (a)) and in light of real party's opportunity to file an undertaking to prevent petitioner from taking possession (Code Civ. Proc., § 515.020).

We have reached the foregoing conclusion after full briefing by the parties. An alternative writ would add nothing to the presentation already made and would only delay issuance of the writ of possession. We therefore issue a peremptory writ in the first instance. (Code Civ. Proc., § 1088; *San Diego Wholesale Credit Men's Assn.* v. *Superior Court* (1973) 35 Cal.App.3d 458 [110 Cal.Rptr. 657]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

Let a peremptory writ of mandate issue directing the San Francisco Superior Court to (1) vacate that portion of its order which denies petitioner a writ of possession for the telephone equipment, (2) determine the amount of the undertaking required of petitioner, and (3) issue the writ of possession if petitioner meets the undertaking requirement and real party does not file an undertaking to prevent petitioner from obtaining possession (Code Civ. Proc., § 515.020).

Feinberg, J., and Barry-Deal, J., concurred.