Opinion
SCOTT, J.
This petition by General Motors Corporation for writ of mandate (Code Civ. Proc., § 400) challenges a trial court ruling denying change of venue. It raises issues concerning where a class action may be brought and what showing must be made by a defendant seeking to change venue. We have concluded that venue in Alameda County is not proper and that the writ should issue.
The complaint, filed in Alameda County Superior Court by real party in interest John Junglas, alleges defects in the 1981 Cadillac V-8-6-4 engine causing unexpected surges, delays, and cessations of power. Plaintiff seeks to represent a class of plaintiffs suing General Motors Corporation, Rector Cadillac, and various Doe defendants for defects in design, manufacturing, and servicing, for breach of implied and express warranties, and for misrepresentations.
After service and before answering the complaint, General Motors Corporation moved for a change of venue to Los Angeles County, asserting that neither General Motors nor Rector Cadillac, a San Mateo County dealership, had its principal place of business in Alameda County, and that the contracts were not made, to be performed, or breached in Alameda County.[1] Thereafter, plaintiff amended the complaint and served Lew Doty Cadillac of Hayward, Alameda *969 County, as a Doe defendant. In opposing the motion to change venue, plaintiff argued that the amendment made venue correct. Plaintiff also contended that General Motors had not established that its principal place of business was in Los Angeles. After hearing, the court denied General Motors’ motion to change venue. This petition followed.
Petitioner contends that the amendment to name Lew Doty Cadillac does not justify venue in Alameda County because (1) Lew Doty was named in order to defeat the motion to change venue, and (2) the named plaintiff has no cause of action against Lew Doty. Real party counters that petitioner had the burden of establishing that venue in Alameda County was improper and that petitioner failed to prove (1) that the named plaintiff had not purchased a car from Lew Doty, had one serviced there, or relied on Lew Doty advertising, and (2) that General Motors Corporation’s principal place of business was somewhere other than Alameda County at the time of the suit.
We need not consider real party’s motives for serving Lew Doty, because we agree with petitioner that unless the named plaintiff has a cause of action against Lew Doty Cadillac, venue in Alameda County cannot be based upon service of Lew Doty as a Doe defendant. As stated in Petherbridge v. Altadena Fed. Sav. & Loan Assn. (1974) 37 Cal.App.3d 193 [112 Cal.Rptr. 144]; “A predicate to a plaintiff’s right to represent a class is his eligibility to sue in his own right; what he may not achieve himself, he may not accomplish as a representative of a class. ” (Id., at p. 201.) Unless real party has a personal cause of action against Lew Doty Cadillac, he may not represent a class in a suit against Lew Doty. If real party cannot maintain an action against Lew Doty, it follows a fortiori that he cannot justify venue because of Lew Doty.
In this court, for the first time, real party raises the suggestion that he may have an individual cause of action against Lew Doty, which petitioner has not negated by affidavits filed below. This suggestion comes too late. Petitioner’s motion below relied upon the statements made in the first amended complaint and upon a declaration stating that real party had purchased his Cadillac from Rector Cadillac. The complaint alleged that warranties were made at the time and place of sale and that the alleged defects were present from the beginning. Petitioner argued that the complaint disclosed no nexus with Alameda County. At that point all evidence and inferences supported petitioner’s position.
Had real party objected in the trial court and presented some evidence of contacts with Lew Doty, petitioner’s arguments here would not be well taken. However, petitioner made a sufficient showing below in light of the absence of an objection. Real party would require petitioner to negate the possibility that real party had his car serviced by Lew Doty or that real party heard a Lew Doty advertisement without any suggestion that either event took place. Such a burden on the moving party would be intolerable.
*970 Real party’s remaining argument is that petitioner did not make a sufficient showing that General Motors Corporation had its principal place of business in Los Angeles, rather than in Alameda County. Petitioner’s evidence on that point was a declaration by an assistant secretary of General Motors Corporation, who stated that General Motors had qualified to do business in California and “has filed with the Secretary of State its statement that its principal place of business in California is in Los Angeles County.”
Real party objects that the declaration, dated July 14, 1982, does not declare when petitioner filed this statement and that the assistant secretary did not declare that petitioner’s principal place of business was in Los Angeles at the time of the suit. There is no suggestion in the record before this court that the trial court found any substance to real party’s attack upon the declaration of the assistant secretary. However inexact its wording, the clear implication of the declaration was that on July 14, 1982, within three months of the filing of the action, General Motors Corporation’s principal place of business was in Los Angeles County. Absent some contrary showing by real party, that evidence must be found sufficient to defeat any claim that General Motors’ principal place of business might be in Alameda County and to establish that Los Angeles is the proper venue for the action. (See Beutke v. American Securities Co. (1955) 132 Cal.App.2d 354, 361 [282 P.2d 201], for the principle that General Motors was required to propose Los Angeles as the alternative venue.)
We have reached the foregoing conclusion after lull briefing by the parties. No purpose would be served by issuance of the alternative writ, which would merely add further delay to the transfer of this case to a proper venue. A peremptory writ in the first instance is proper. (Code Civ. Proc., § 1088; San Diego Wholesale Credit Men’s Assn. v. Superior Court (1973) 35 Cal.App.3d 458 [110 Cal.Rptr. 657]; Goodenough v. Superior Court (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)
Let a peremptory writ of mandate issue directing the Alameda County Superior Court to set aside its order denying change of venue and, unless intervening circumstances dictate otherwise, to enter an order changing venue to Los Angeles County, the county selected by petitioner. (See Code Civ. Proc., § 398.)
White, P. J., and Feinberg, J., concurred.

 Code of Civil Procedure section 395.5 provides: “A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place-of trial as in other cases.”