FILED

NOT FOR PUBLICATION

DEC 20 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL W. BRISENO, | No. 07-16983 |
| Petitioner - Appellant, | D.C. No. CV-04-01458-PJH |
| v. | |
| JEANNE S. WOODFORD, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Argued and Submitted May 14, 2010
San Francisco, California

Before: HUG and McKEOWN, Circuit Judges, and FAWSETT, Senior District
Judge.**

Michael W. Briseno appeals the district court's denial of his 28 U.S.C. §

2254 habeas corpus petition asserting ineffective assistance of counsel. The parties

are familiar with the facts. We do not repeat them except as necessary to

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

** The Honorable Patricia C. Fawsett, Senior United States District
Judge for the Middle District of Florida, sitting by designation.

understand this disposition. We have jurisdiction pursuant to 28 U.S.C. § 2253. Under AEDPA, we may grant a writ of habeas corpus only if petitioner shows that the state court proceeding resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d).

To prevail on a claim of ineffective assistance of counsel, the defendant must show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

An attorney must take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client." Cal. Rules of Prof'l Conduct, Rule 3-700(A)(2). Here, counsel failed to meet that standard when he advised Briseno to file a pro se notice of appeal on only the issue of Briseno's "draconian sentence" before discontinuing representation.

Briseno contends that his counsel was ineffective because he failed to obtain a certificate of probable cause from the trial judge on two issues, thus precluding

2

an appeal on those issues. Trial counsel did file a notice of appeal on the basis that the sentence given was "draconian," which did not require a certificate of probable cause. Briseno had been convicted of 32 counts of child molestation involving four separate victims.

The first issue on which a certificate of probable cause was not obtained was Briseno's competency to stand trial and thus his competency to plead guilty. His counsel had continually maintained that Briseno was not competent and requested a competency hearing. The trial judge relied on a doctor's examination of a year earlier and the judge's personal observations in declining to hold a hearing.

The second issue on which the attorney did not request a certificate of probable cause precluding appeal on that issue was the failure of the trial judge to inform Briseno of the mandatory minimum of 15 years on each of the charges. We discuss each of these issues.

With regard to the first issue, we hold that even assuming without deciding that counsel was ineffective for failing to obtain a certificate of probable cause with respect to the competency hearing, Briseno was not prejudiced. Here the judge did not express doubt as to Briseno's competency. Nor did Briseno put forth substantial evidence of his incompetence. There was not a reasonable possibility of success on appeal. The district court's rejection of this claim is affirmed.

With regard to the second issue, it was ineffective assistance of counsel not to request a certificate of probable cause on the issue of the failure of the court or counsel to advise Briseno that there was a mandatory minimum sentence of 15 years on the 32 counts to which he entered a plea of guilty. There were four separate victims of the child molestation so he would certainly be given mandatory minimum sentences for each victim and they would likely be consecutive for a total of 60 years. The other mandatory sentence could be consecutive mandatory minimum sentences in the discretion of the judge. Briseno expected a sentence of about 10 years, believing that the judge would be lenient based on his interpretation of the judge's statements. The judge actually sentenced him to 14 consecutive terms of the 15-year mandatory minimum for a total of 210 years to life (plus a consecutive 9 years and 4 months).

Counsel did not assist Briseno in understanding the actual consequences of pleading guilty. *See Brady v. United States*, 397 U.S. 742, 755 (1970) (for a plea of guilty to stand, a defendant must be "fully aware of [its] direct consequences"). Guilty pleas must be "voluntarily and intelligently made by competent defendants with adequate advice of counsel." *Id.* at 758; *see also Libretti v. United States*, 516 U.S. 29, 50 (1995) ("[I]t is the responsibility of defense counsel to inform a defendant of the advantages and disadvantages of a plea agreement . . . .").

4

Further, a guilty plea is unconstitutional if the defendant was "so gripped by . . . hope[s] of leniency that he did not or could not, with the help of counsel, rationally weigh the advantages of going to trial against the advantages of pleading guilty." *Brady*, 397 U.S. at 750. Although Briseno informed the trial court that he did not want to have a jury trial, this statement should be read in the context of his obviously mistaken hopes that if he pled guilty, he would receive a lenient sentence. Counsel did not correct this or inform Briseno of the minimum amount of time he would have to serve if pleading guilty or the possibility that his sentences would have to be served consecutively. Common sense dictates that Briseno would not have turned down an offer of thirty to thirty-five years in prison if he was aware that by pleading guilty, he would face a sentence that was tantamount to life in prison.

Briseno was never told by his attorney (or by the judge) about the mandatory minimum, and this actually constituted the basis for the 210 year sentence. It was ineffective assistance of counsel not to seek a certificate of probable cause on the failure to advise about the mandatory minimum. Briseno was thus deprived of the opportunity to appeal this issue on direct appeal in the state court. There was a reasonable chance he would be successful on appeal and his conviction on the plea of guilty would be reversed.

5

We affirm in part and reverse in part the judgment of the district court.  We remand with instructions to grant the writ of habeas corpus on the issue reversed and order the defendant released unless he is afforded an opportunity to appeal that conviction within a reasonable time.  Each party shall bear their own costs.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED**.

*Briseno v. Woodford*, No. 07-16983
Judge Fawsett, concurring

I concur with the conclusion reached in the Memorandum Disposition that Briseno is entitled to an opportunity to appeal his conviction. Counsel's failure to obtain a certificate of probable cause prejudiced Briseno. The evidence of record shows that shortly after his sentencing Briseno desired to appeal his conviction and obtain a new trial. Prejudice is further shown by the existence of non-frivolous grounds for challenging Briseno's conviction, namely that the failure to advise Briseno of the fifteen-year mandatory minimum sentence constituted ineffective assistance of counsel. In view of these factors, it is reasonably likely that Briseno would have appealed his conviction on that issue but for counsel's failure to obtain a certificate of probable cause.

*Briseno v. Woodford*, No. 07-16983
Judge McKeown, concurring in part and dissenting in part:

I concur in the section of the Memorandum Disposition affirming the district court's dismissal of Briseno's ineffective assistance of counsel claim with respect to the competency hearing. I respectfully dissent on the remainder of the claims and adopt the district court's well reasoned analysis.

Briseno claims that his counsel was ineffective for failing to advise him of the mandatory minimum of fifteen years and that he somehow misapprehended the scope of his potential sentence and thought that he might be eligible for parole. Even if counsel was ineffective in not advising Briseno of the mandatory minimum, Briseno has failed to meet the prejudice prong of *Strickland v. Washington*, 466 U.S. 668 (1984).

In light of the 32 counts of sexual misconduct with children, the trial court was quite clear as to the scope of the penalty and advised Briseno as to the maximum penalty. The trial court also was clear that Briseno was "not eligible for probation in this matter," an understanding confirmed by Briseno. The trial court disabused Briseno of any notion that he would not be sent to prison because the jury would understand that Briseno was experiencing "certain forms of depression and even emotional dysfunction that could be due to severe alienation and

1

loneliness." Briseno acknowledged that he was "a classic pedophile to the highest degree" but claimed that he "could never hurt a flea." Further, he presented no statements, evidence or affidavits that his plea would have been different had he been advised specifically with respect to the mandatory minimum and, at the time of his plea, he categorically stated that he didn't want a jury trial and that he didn't want to go to trial in part to protect his son.

*Briseno v. Woodford*, No. 07-16983

HUG, Circuit Judge, dissenting in part:

I dissent from the holding that it was not ineffective assistance of counsel to fail to request a certificate of probable cause on the issue of Briseno's competency to enter a plea of guilty.

In spite of counsel's pervasive impression that throughout the representation, Briseno was not able to rationally consider the objective consequences of his actions, not able to assist in his own defense, and was in denial as well as delusional, counsel failed to take any steps to obtain a certificate of probable cause on the issue of his competency, which is a predicate to appealing the issue. The deadline for filing such certificate had passed when appellate counsel took over.

Briseno's possible right to a competency hearing was not appealed under pertinent California statutes. California law applicable to Briseno's case provided that "[i]f counsel informs the court that he or she believes the defendant is or may be mentally incompetent, the court *shall order* that the question of the defendant's mental competence is to be determined *in a hearing* . . . ." Cal. Penal Code § 1368(b) (1999) (emphasis added). The hearing is to be held in the form of a separate trial by court or jury. *Id.* No such separate hearing was held. Instead, the trial court declared Briseno competent based on a report submitted by a doctor a year prior to the sentencing hearing and on the judge's own observations. The

district court held that it was unlikely that the trial court would have issued a certificate of probable cause even if it had been requested. However, if a California defendant presents "any cognizable issue for appeal which is not *clearly* frivolous and vexatious, the trial court abuses its discretion if it fails to issue a certificate of probable cause." *Lara v. Superior Court*, 133 Cal. App. 3d 436, 440 (Cal. Ct. App. 1982); *see also People v. Warburton*, 7 Cal. App. 3d 815, 820 n.2 (Cal. Ct. App. 1970) (noting that certificates of probable cause "should be granted routinely" and that relief from denial is available by mandate). The issue of Briseno's competence was not clearly frivolous. Under that standard, a certificate should have been requested and the issue appealed.