HUG, Circuit Judge,
dissenting in part.
I dissent from the holding that it was not ineffective assistance of counsel to fail to request a certificate of probable cause on the issue of Briseno’s competency to enter a plea of guilty.
In spite of counsel’s pervasive impression that throughout the representation, Briseno was not able to rationally consider the objective consequences of his actions, not able to assist in his own defense, and was in denial as well as delusional, counsel failed to take any steps to obtain a certificate of probable cause on the issue of his competency, which is a predicate to ap *6 pealing the issue. The deadline for filing such certificate had passed when appellate counsel took over.
Briseno’s possible right to a competency hearing was not appealed under pertinent California statutes. California law applicable to Briseno’s case provided that “[i]f counsel informs the court that he or she believes the defendant is or may be mentally incompetent, the court shall order that the question of the defendant’s mental competence is to be determined in a hearing ...” CaLPenal Code § 1368(b) (1999) (emphasis added). The hearing is to be held in the form of a separate trial by court or jury. Id. No such separate hearing was held. Instead, the trial court declared Briseno competent based on a report submitted by a doctor a year prior to the sentencing hearing and on the judge’s own observations. The district court held that it was unlikely that the trial court would have issued a certificate of probable cause even if it had been requested. However, if a California defendant presents “any cognizable issue for appeal which is not dearly frivolous and vexatious, the trial court abuses its discretion if it fails to issue a certificate of probable cause.” Lara v. Superior Court, 133 Cal.App.3d 436, 440, 183 Cal.Rptr. 796 (Cal.Ct.App. 1982); see also People v. Warburton, 7 Cal.App.3d 815, 820 n. 2, 86 Cal.Rptr. 894 (Cal.Ct.App.1970) (noting that certificates of probable cause “should be granted routinely” and that relief from denial is available by mandate). The issue of Briseno’s competence was not clearly frivolous. Under that standard, a certificate should have been requested and the issue appealed.