[Civ. No. 22248.    First Dist., Div. Two.    Aug. 18, 1964.]

SHIRLEY J. STRUHM, Petitioner, v. CITY COUNCIL OF
THE CITY OF BERKELEY et al., Respondents.

Robert S. Daggett, Thomas D. Geary and Harold R. Martin
for Petitioner.

Brent M. Abel, Graham B. Moody, Jr., and Robert T. Anderson, City Attorney, for Respondents.

Marc H. Monheimer and Robert D. Platt as Amici Curiae on behalf of Respondents.

TAYLOR, J.—This is an action in mandamus. Petitions signed by more than the required number of electors of the City of Berkeley were filed by the city clerk on August 3, 1964, calling for a special election to recall three named school directors. One of these resigned, but the other two have not. Opposing candidates have filed nomination papers, and the next general election will not be held until April 6, 1965. The city council contends that the recall provisions of the city charter are inoperable and refuses to call a special election. ■ We have concluded that the council is legally obliged to do so.

We limit ourselves to a discussion of the charter recall provisions and the code sections necessarily involved in the problem before us. The authority of the City of Berkeley to provide for recall by charter is not questioned, and the charter provides that every incumbent of an elective office is subject to recall by the voters of the city. The school directors of Berkeley are elective officers.

Charter section 7, subdivision (4), provides that if the officer to be removed shall not resign within five days after the recall petition requesting a special election is filed by the city clerk, the *city council shall cause a special election to be held within 45 days,* or, within its discretion, at a general municipal election scheduled to occur within 60 days.

Charter section 5, subdivision (1), which is included in the charter recall provisions by virtue of section 7, subdivision (6), provides: *"Except as otherwise provided in this Charter,* all elections shall be held in accordance with the provisions of the Elections Code of the State of California, as the same now exist *or may hereafter be amended,* for the holding of elections in general law cities." (Italics added.)

At the time these charter provisions were enacted, Elections Code section 9750 provided for publication of notice of election "[n]ot earlier than the sixtieth or later than the thirty-first day before" the election, and Elections Code section 9760 provided that nomination papers had to be filed "not later than 12 o'clock noon on the fortieth day before the election." These provisions were consistent with the charter provision

that the election must be held within 45 days. However, subsequently, the Elections Code was amended to provide for at least a 54-day notice of election and to require the filing of nomination papers 54 days before election day.

Charter section 7, subdivision (10), which is within the recall provisions of the charter, originally provided: "The Council may by ordinance, make such further regulations as may be necessary to carry out the provisions of this section and to adapt the provisions of section 5 thereto." In 1949, this section was amended to delete the words "and to adapt the provisions of section 5 thereto."

Since charter section 5, subdivision (1) incorporated the Elections Code procedures as they *"now exist or may hereafter be amended,"* the original provisions in the code at the time the charter recall sections were enacted, can no longer be applied where the code sections have been amended. But the Elections Code sections as *subsequently amended, requiring the 54-day notice of election* and limitation for the filing of nomination papers are clearly inconsistent with the 45-day requirement imposed by the charter itself in section 7, subdivision (4). ■ We do not think, however, that the words of charter section 5, subdivision (1) stating that *"[e]xcept as otherwise provided in this Charter,* all elections shall be in accordance with the provisions of the Elections Code" etc. can reasonably be interpreted to justify the charter's nullification, where subsequently amended provisions of the Elections Code become inconsistent with the charter. Rather, the charter prevails in such instances and the amended code provisions merely become inapplicable.

■ Thus while charter section 7, subdivision (4), is mandatory and requires that "the Council *shall cause* a special election to be held within forty-five days," the charter is now without certain required electoral details. We think that charter section 7, subdivision (10), clearly authorizes the council to provide the necessary procedures by ordinance and that it is duty bound to do so. The deletion of the words "and to adapt the provisions of Section 5 thereto" from section 7, subdivision (10), by amendment in 1949 has the effect, if anything, of giving the council even broader and more unlimited authority to effectuate the recall provisions of the charter.

■ We are not impressed with the argument that the fixing of the time of notice of election and for the filing of nomination papers is substantive in nature and cannot be regarded as regulatory and determinable under section 7,

subdivision (10). The basic rights to a proper notice of election and a reasonable opportunity to file nomination papers must, of course, be provided but if these rights are afforded, we regard the determination of the precise times involved as procedural and regulatory and within the council's discretion.

■ We do not regard the use of the word "may" in charter section 7, subdivision (10), as permissive. It is an authorization to provide the procedural steps for an election which the charter definitely requires to be held. While "may" is usually considered a permissive term, it has been interpreted as mandatory where logic and context so require (*Hollman* v. *Warren,* 32 Cal.2d 351, 356 [196 P.2d 562]; *Kentfield* v. *Reclamation Board,* 137 Cal.App. 675 [31 P.2d 431]).

Let a peremptory writ issue.

Shoemaker, P. J., and Agee, J., concurred.