[Civ. No. 11068. Fourth Dist., Div. One. July 12, 1971.]

ROBIN GOODENOUGH, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
RICHARD PARKER, as Mayor, etc., et al., Real Parties in Interest.

## COUNSEL

Huntington, Bryans, Harper, Henderson, Burney & Newman-Crawford and Brian J. Newman-Crawford for Petitioner.

No appearance for Respondent.

J. R. Goodbody, City Attorney, Baxley & McCabe and Robert C. Baxley for Real Parties in Interest.

## OPINION

**THE COURT.**—Robin Goodenough (petitioner) seeks mandate to compel the superior court to set aside its judgment denying a writ of mandate and to enter judgment granting such writ.

The writ was sought to compel the real parties in interest, four members of the City Council of the City of Coronado and the city clerk of said city, to call a special election under the provisions of section 4022 of article 1 of chapter 3 of division 4 of the Elections Code.

The subject matter of chapter 3 is municipal elections having to do with the Initiative, Referendum and Freeholders' Charter Amendments. Article 1 deals exclusively with the machinery of initiative petitions, measures and elections.

Section 4022 of the Elections Code is as follows: "When a special election is to be called under this article, it shall be held not less than 74 nor more than 89 days after the date of the presentation of proposed ordinance to the legislative body, and shall be held in accordance with the provisions of this code. To avoid holding more than one special election within any six months, the date for holding the special election may be fixed later than 89 days, but as early a date as practicable after the expiration of six months from the last special election. When it is legally possible to hold a special election under this chapter within six months prior to a regular municipal election, the legislative body may submit the proposed ordinance at the regular election instead of at a special election."

The proposed initiative measure for which the special election was asked was submitted to the City Council of Coronado by a petition validly signed by more than 16 percent of the registered voters of Coronado, which has a population of over 10,000.

The proposed ordinance contained in the initiative petition provided generally for two matters:

"1. That the electors of the City of Coronado shall determine whether they shall elect a Mayor and four City Councilmen and that at the next general municipal election on April 11, 1972, one of the Council seats subject to election shall be vacated and designated as the Mayor's seat;

"2. That the electors of the City of Coronado shall determine whether said elected Mayor shall serve a term of two years or four years."

It provided also that the mayor should be elected by a vote of the people at the next general election in April 1972.

The proposal was in accordance with sections 34900-34902 of the Government Code.

Coronado is a general law city whose mayor and council members are elected pursuant to Government Code section 36503.

The initiative petition properly certified was presented to the Council on June 1, 1971, at the next regular meeting following the certification of the petition by the city clerk.

The petition contained a request that the proposed ordinance be submitted immediately to a vote of the people of Coronado at a special election.

The Council neither introduced the proposed ordinance at its June 1 meeting nor did it call a special election for the purpose of submitting the proposed ordinance to the people.

The existence of the signed initiative petition had been brought officially to the Council's attention at its meeting of May 18. The Council had then voted not to place the subject matter of the petition on a special ballot; and had voted to place the question of the direct election of the mayor on the ballot at the next regular municipal election.

The next regular municipal election will be on the second Tuesday of April 1972.

On June 4, 1971, petitioner, on behalf of the qualified signers of the initiative petition, of whom he was one, and as a citizen and registered voter of Coronado, petitioned the Superior Court of San Diego County, in an action numbered 325738, for a writ of mandate to compel the legislative body of Coronado to call a special election for the submission of the proposed initiative measure to a vote of the people. That petition for writ of mandate was denied on June 15. The petition before this court followed, it being claimed that the remedy by appeal from the denial by the superior court is neither adequate nor speedy.

With that contention we agree.

■ The free exercise of the right of initiative reserved to the people may not be circumscribed except by the people of the state acting through the Legislature.

■ No legal reason has been presented for the failure to call the special election commanded by statute.

The certificate of the city clerk attesting the sufficiency of the signatures to the petition was not required to be in the form of a verification or under penalty of perjury.

The submission to the people, under the initiative process, of the method of selecting a mayor was within the authorization of sections 34900-34902 of the Government Code.

A special county-wide election held June 8, 1971, called by the Board of Supervisors of San Diego County, was not a special election as referred to in chapter 3 of division 4 of the Elections Code. Whether it might have qualified as such if the City of Coronado and the Board of Supervisors had acted together to make it a consolidated election need not be discussed.

In opposing the petition now before this court, the members of the City Council other than the petitioner have taken the position a special election under section 4022 should not be held until after six months from the election of June 8, 1971; if called for a time after the expiration of that six-month period, it would be placed within the six months prior to the regular municipal election of April 11, 1972; so that, they argue, it is within their discretion to submit the measure to the people at that general election.

So far as appears, however, the council has not done even that, but has voted to place on the ballot at that time a proposal different from that contained in the proposed initiative ordinance, and would place on the ballot at the next general election the question whether the mayor should be elected by popular vote, but not the actual election of a mayor should the initiative measure be adopted at a special election.

Thus, if a special election should not be held, there could be no direct election of a mayor before 1974 at earliest.

■ It is clear that an appeal from the ruling of the superior court even if successful could not in the ordinary course result in the holding of a special election prior to the municipal election of April 11, 1972.

■ The City Council had a clear legal duty to call a special election within 89 days of June 1. It failed to do so. It may not refuse now to call

the special election on the ground it could not be held with the giving of required notice within the 89-day period. That procedural detail will not be permitted to defeat the clear purpose of the statute to bring initiative measures to an early vote. (See *Enyeart* v. *Board of Supervisors,* 66 Cal.2d 728, 737 [58 Cal.Rptr. 733, 427 P.2d 509].)

Since the City Council had a clear legal duty to call such special election, mandate would lie to compel performance of that duty. (*Struhm* v. *City Council,* 229 Cal.App.2d 278 [40 Cal.Rptr. 230].) It was the clear legal duty of the superior court to issue its writ.

■ When the trial court has a clear legal duty to grant certain relief, it is an abuse of its discretion to refuse such relief, and mandate will lie to compel the performance of the clear legal duty. (*Pacific Indem. Co.* v. *Superior Court,* 246 Cal.App.2d 63, 72 [54 Cal.Rptr. 470].)

Under some circumstances, an original petition might have been filed with this court to issue its mandate to the members of the City Council. (*Farley* v. *Healey,* 67 Cal.2d 325 [62 Cal.Rptr. 26, 431 P.2d 650].)

Time for a proper notice of election must be provided. (*Struhm* v. *City Council, supra,* 229 Cal.App.2d 278, 281.)

Subject to that condition no other time limit applies.

■ The petition filed with this court, the answer thereto by the real parties in interest, and the briefs of petitioner and the real parties in interest fully present the determinative issues in the premises. An alternative writ or order to show cause would add nothing to the full presentation already made. A peremptory writ is proper (Code Civ. Proc., § 1088; *Dauenhauer* v. *Superior Court,* 149 Cal.App.2d 22, 28 [307 P.2d 724]; 3 Witkin, Cal. Procedure, Extraordinary Writs, p. 2551), and should issue.

Let a writ issue directing the Superior Court of the County of San Diego forthwith to vacate its order denying a writ of mandate in action number 325738 and to issue its writ of mandate directing the City Council of the City of Coronado forthwith to call and the city clerk of said city forthwith to conduct a special election at which the ordinance presented to the City Council by the initiative petition in question shall be submitted to a vote of the voters of the city; the election to be held upon the giving of the minimum notice prescribed by Elections Code section 4022.

A petition for a rehearing was denied August 9, 1971, and the petition of the real parties in interest for a hearing by the Supreme Court was denied September 8, 1971.