[Civ. No. 18373. Third Dist. Feb. 13, 1979.]

SOUTH TAHOE PUBLIC UTILITY DISTRICT,
Petitioner, v.
THE SUPERIOR COURT OF EL DORADO COUNTY, Respondent;
CH2M HILL CALIFORNIA, INC., Real Party in Interest.

**COUNSEL**

Rust & Armenis and Daniel E. Wilcoxen for Petitioner.

No appearance for Respondent.

Farella, Braun & Martel, Douglas R. Young and Alan E. Harris for Real Party in Interest.

**OPINION**

**PUGLIA, P. J.**—Petitioner applies for a writ of prohibition and/or mandate following the trial court's issuance of an order compelling petitioner to answer an interrogatory calling for disclosure of the names and addresses of experts it had consulted with and who might be called to testify at a presently unscheduled trial.

"Preliminarily, it may be observed that the prerogative writ is not the favored method of reviewing discovery orders. Ordinarily the aggrieved party must raise the issue on direct appeal from a final judgment. (*Pacific Tel. & Tel. Co.* v. *Superior Court,* 2 Cal.3d 161, 169 . . . ; *Oceanside Union School Dist.* v. *Superior Court,* 58 Cal.2d 180, 185-186, fn. 4 . . . .) The premise upon which this general policy rests is that in the great majority of cases the delay due to interim review of discovery orders is likely to result in greater harm to the judicial process by reason of protracted delay than is the enforcement of a possibly improper discovery order. (2 Cal.3d at p. 170.)" (*Sav-On Drugs, Inc.* v. *Superior Court* (1975) 15 Cal.3d 1, 5 [123 Cal.Rptr. 283, 538 P.2d 739].)

"[I]n most such cases, as is true of most other interim orders, the parties must be relegated to a review of the order on appeal from the final judgment. As inadequate as such review may be in some cases, the prerogative writs should only be used in discovery matters to review questions that are of general importance to the trial courts and to the profession, and where general guidelines can be laid down for future cases." (*Oceanside Union School Dist.* v. *Superior Court* (1962) 58 Cal.2d 180, 185-186, fn. 4 [23 Cal.Rptr. 375, 373 P.2d 439].)

█ However, the present case falls within the exception to the general rule. It involves a matter of first impression as to the scope of the attorney's work-product privilege (see Code Civ. Proc., § 2016, subds. (b), (g); Witkin, Cal. Evidence (2d ed. 1966) Witnesses, § 819, pp. 766-767, 1977 supp., §§ 819-821) as it applies to disclosure of the identity of expert witnesses and is therefore cognizable in a prerogative writ proceeding.

The interrogatory directed to petitioner stated: "Have you consulted with any experts concerning any of the issues raised in the complaint? If so, please state the names, addresses, and fields of expertise of each of said persons, except those persons who will *not* under any circumstances whatsoever, including impeachment, be called by you as a witness in this action." (Italics in original.)

Petitioner responded as follows: "Plaintiff's attorneys have dealt with consultants concerning the issues. Plaintiff has not at this time decided to use any of the consultants thus far consulted as witnesses in this action. Therefore, relying upon the attorney work-product doctrine, plaintiff declines to reveal the identities of these

consultants at this time since they have advised plaintiff's counsel on the issues and aided in plaintiff's formation of strategy."

In opposition to the petition real party in interest contends that this court's prior decision in *Kenney* v. *Superior Court* (1967) 255 Cal.App.2d 106 [63 Cal.Rptr. 84], is authority for compelling petitioner to reveal the experts it has consulted and expects to call at trial. *Kenney* is distinguishable from the present case. Although in *Kenney* we stated that the names of the experts were discoverable so that the opposing party could investigate the qualifications and prepare for cross-examination of the witnesses, this statement was made in a case where the party resisting disclosure had stated " '. . . we plan to call' other experts . . . ." (See *Kenney* v. *Superior Court, supra,* 255 Cal.App.2d at p. 111.)

■ In this case, petitioner has not yet determined whether it would use any of the experts it had consulted and it appears from the record that there is still substantial pretrial preparation and evaluation pending.

Although the Legislature has provided a mechanism for the exchange of the names of expert witnesses in Code of Civil Procedure section 2037 (Stats. 1978, ch. 1069), we note that the Legislature has not seen fit to repeal subdivision (g) of Code of Civil Procedure section 2016 providing: "It is the policy of this State (i) to preserve the rights of attorneys to prepare cases for trial with that degree of privacy necessary to encourage them to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspects of such cases and (ii) to prevent an attorney from taking undue advantage of his adversary's industry or efforts."

Were the names of the experts here released *prior* to each party's preparation for trial, full investigation of the factual circumstances would be discouraged and there is a substantial likelihood that real party in interest would be able to determine its strategy at trial without independent effort on its part and would be able to base its efforts solely on petitioner's selection of experts.

"The rules of discovery contemplate two-way disclosure and do not envision that one party may sit back in idleness and savor the fruits which his adversary has cultivated and harvested in diligence and industry. Mutual exchange of data provides some protection against one-way disclosure; the party seeking discovery must be ready and willing to make

an equitable exchange. [Citations.]" (*Swartzman* v. *Superior Court* (1964) 231 Cal.App.2d 195, 204 [41 Cal.Rptr. 721].)

Furthermore, although Code of Civil Procedure section 2037 was not operative at the time the trial court issued its order compelling petitioner to disclose the names of the experts expected to testify at trial, this section impliedly recognizes the policy considerations discussed above and evinces a legislative preference for the time at which such disclosure must be made. Section 2037 provides that *an exchange* of lists of expert witnesses may be demanded on the later of 10 days after a trial date is selected or 70 days prior to the date set for commencement of trial. The lists shall include names and addresses of the experts whom the party expects to call. (Code Civ. Proc., § 2037.3.)

We therefore conclude that the demand for disclosure of the expert witnesses who might be called at trial was premature and the order compelling compliance therewith was an abuse of discretion.

Application for the writ herein was made on due notice to respondent and real party in interest and real party has appeared and filed a response. This court is therefore empowered to issue a peremptory writ without prior issuance of an alternative writ. (Code Civ. Proc., §§ 1088, 1105; cf. *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

Let a peremptory writ of mandate issue directing respondent court to vacate its order compelling petitioner to disclose the identity of experts.

Paras, J., and Reynoso, J., concurred.