[Civ. No. 18289. Third Dist. Mar. 21, 1979.]

JOHNNY S., a Minor, etc., Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Moyer & Staats and Joseph L. Staats for Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Willard F. Jones and William G. Prahl, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**PUGLIA, P. J.**—Petitioner is a minor in whose behalf a petition has been filed in juvenile court under Welfare and Institutions Code section 602. The juvenile court petition alleges the minor violated Penal Code sections 245 (assault with a deadly weapon) and 594 (vandalism). Counsel has been appointed to represent the minor in the juvenile court pursuant to Welfare and Institutions Code section 634.

The instant petition for mandate alleges that the minor is indigent and lacks the funds necessary to retain a private investigator to assist in the preparation of his defense; the juvenile court judge was asked informally to authorize funds for the employment of a private investigator for the minor; the judge advised counsel that it is the policy of the court not to authorize funds for investigators in juvenile matters; counsel's formal motion for such authorization was thereafter denied by the court.

The minor contends that the respondent juvenile court has a duty to consider the merits of a request for funds to employ an investigator and that a perfunctory denial of his request was an abuse of discretion.

Counsel appointed to represent an indigent adult charged with crime is entitled to "a reasonable sum for compensation and for necessary expenses" (Pen. Code, § 987.2, subd. (a)). The real party in interest herein, the People, concedes that "necessary expenses" as used in Penal Code section 987.2, subdivision (a) include reasonable sums for investigative services. (See 41 Ops.Cal.Atty.Gen. 151, 152-153 (1963); Note (1961) 13 Stan.L.Rev. 522, 537-538.) Investigative services in some instances are an integral part of effective assistance of counsel. (See *Mason* v. *State of Arizona* (9th Cir. 1974) 504 F.2d 1345, 1351, cert. den., 420 U.S. 936 [43 L.Ed.2d 412, 95 S.Ct. 1145].) Juveniles are of course entitled to the effective assistance of counsel. (*In re Julius B.* (1977) 68 Cal.App.3d 395, 401 [137 Cal.Rptr. 431].)

Welfare and Institutions Code section 218 which pertains to the appointment of counsel for juveniles utilizes the same language as Penal Code section 987.2, allowing appointed counsel "a reasonable sum for compensation and for necessary expenses, . . ." Obviously, in some juvenile proceedings, as in some criminal proceedings, the use of investigative services may be essential in order to provide an adequate defense.

Here the juvenile court did not consider the merits of counsel's request for investigative assistance, but rather denied the motion in furtherance of a policy which seemingly precludes such authorization in all cases. ■ The minor is entitled to have the court pass upon the merits of his request for investigative assistance. In so doing the juvenile court should consider the nature of the case, the probable length and the complexity of the proceedings, possible defenses to the allegations, the specific reasons advanced to support the need for an investigator, the capacity of counsel rather than an investigator effectively to provide the needed services and the propriety of his doing so. Finally, the determination whether to authorize retention of an investigator as a necessary expense of counsel, and if so the extent of such expense, is a matter within the sound discretion of the trial court which will not be disturbed by a reviewing court in the clear absence of abuse.

Application for the writ herein was made on due notice to respondent and real party in interest, and real party has filed a response. This court

may therefore issue a peremptory writ without prior issuance of an alternative writ. (Code Civ. Proc., §§ 1088, 1105; cf. *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

Let a peremptory writ of mandate issue directing respondent court to vacate its order of December 8, 1978, denying petitioner's motion to employ a private investigator and to consider the petitioner's application on its merits.

Evans, J., and Reynoso, J., concurred.