[Civ. No. 19162. Third Dist. Dec. 7, 1979.]

TAHOE FOREST INN et al., Petitioners, v.
THE SUPERIOR COURT OF EL DORADO COUNTY,
Respondent;
ROSA B. TURNEY, Real Party in Interest.

COUNSEL

Matheny & Poidmore and Anthony J. Poidmore for Petitioners.

No appearance for Respondent.

Gessford, Sevey & Alpar and Michael C. Gessford for Real Party in Interest.

OPINION

**PUGLIA, P. J.**—Petitioners are defendant Tahoe Forest Inn and its attorneys (hereinafter collectively referred to as defendants) in an action for personal injury brought by real party in interest (plaintiff) in respondent superior court. Defendants seek a prerogative writ annulling the effect of the superior court's order imposing sanctions upon them

for failing to produce their expert witness for a deposition noticed by plaintiff. We shall grant defendants relief.

On June 22, 1979, the trial of plaintiff's personal injury action was set for December 3, 1979. On Monday, October 15, 1979, defendants served on plaintiff and deposited with the court a list of their expert witnesses. (Code Civ. Proc., §§ 2037, 2037.1; all further statutory references are to the Code of Civil Procedure unless otherwise indicated.) One of defendants' listed experts was Richard Arden, who was identified as a resident of Sparks, Nevada.

On October 15th, plaintiff served defendants with notice that Arden's deposition would be taken in the office of plaintiff's attorney in Sacramento commencing at 10 a.m., October 30, 1979. There was apparently no further contact between counsel relative to Arden's scheduled deposition until late afternoon of October 29th; at that time, defendants' attorneys contacted the office of plaintiff's attorney and advised that Arden would not be produced for deposition on October 30th because, among other reasons, the deposition was improperly noticed for Sacramento. Arden did not appear for the scheduled deposition and on November 13, 1979, plaintiff moved respondent court to impose sanctions upon defendants for their "refusal to make discovery." After a hearing, the court granted the motion, ordering that Arden be barred from testifying in the action and that defendants' attorneys pay the reporter his fee accrued in connection with the aborted deposition.

On November 27, 1979, defendants served and filed in this court their verified petition for extraordinary relief in which they pray, inter alia, that "A peremptory writ of prohibition/mandate be issued" to vacate, and restrain the superior court from enforcing, the order imposing sanctions. On November 30, 1979, plaintiff filed a verified return and answer to the petition. Application for the peremptory writ has been made upon due notice, a responsive pleading has been filed, and the matter is now at issue. We are therefore authorized to issue a peremptory writ of mandate without first issuing an alternative writ. (§ 1088; cf. *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

Discovery of expert witnesses is governed by recently enacted sections 2037-2037.9. (Added by Stats. 1978, ch. 1069, § 1.) In addition to providing for the mutual exchange of lists of experts whom the parties

expect to call as witnesses, these provisions require that "a party shall make available for deposition such expert witnesses as he has determined to call." (§ 2037.4.) The duty imposed by section 2037.4, however, is not unconditional. Section 2037.7 provides: "Any other provision of law notwithstanding, any party desiring to take the deposition of a person retained as an expert by another party to a case, shall pay the expert a reasonable fee not exceeding his customary hourly or daily fee for the time reasonably and necessarily spent in connection with such deposition including time spent in travel to and from the deposition, but excluding time spent in preparation. *A fee based upon the anticipated length of the deposition shall be tendered to the expert.* In the event the examination and necessary cross-examination of the expert takes longer than originally anticipated, the balance of the fee due the expert shall be paid by the party who noticed the deposition within five days of receipt of an itemized statement from the expert." (Italics added.)

■ Thus a party seeking to depose another party's expert must notice the deposition *and* tender the expert a reasonable fee "based upon the *anticipated* length of the deposition . . . ." (§2037.7; italics added.) If the parties and the expert cannot agree upon a reasonable fee, any one of them may request the court to fix the expert's compensation. (§ 2037.8, subd. (b).) In any event, the tender of the expert's fee, however the amount is determined, is a condition precedent to the duty of a party to make his expert available for deposition.

Here, as in the trial court, the debate of the parties over the adequacy of plaintiff's notice of Arden's deposition does not focus on sections 2037.4 and 2037.7. Defendants take the position that since Arden is not a party, his attendance at a deposition may be compelled only by subpoena (§ 2019, subd. (a) (4)); furthermore since Arden is not a party, defendants maintain he can be compulsorily deposed only in the county of his residence or at a place not more than 75 miles therefrom (§ 2019, subd. (a) (2)). (We take judicial notice of the fact that the distance between Sacramento and Sparks, Nevada, exceeds 75 miles (Evid. Code, § 452, subd. (h).)

None of defendants' contentions has merit. ■ They assume that depositions of expert witnesses are uniformly subject to provisions generally applicable to parties and witnesses (§ 2019). To the extent, however, that sections 2037-2037.9 are inconsistent with more general

provisions relating to depositions, the former, being specifically applicable to expert witnesses, control.

█ Notwithstanding defendants' failure to rely on the provisions specifically relating to expert witnesses, we believe they control the disposition of this proceeding. The record does not show affirmatively that plaintiff tendered a fee to Arden in advance of the date noticed for his deposition in Sacramento. In fact, plaintiff's response impliedly admits that he did not. Accordingly, defendants had no duty under section 2037.4 to produce their expert witness for deposition in response to plaintiff's notice. It follows that the superior court had no basis upon which to impose sanctions.

Let a peremptory writ of mandate issue directing the superior court to vacate its order imposing sanctions on defendants and to enter an order denying plaintiff's motion for sanctions. The temporary stay previously issued will remain in effect pending finality of this decision at which time it will terminate without further order of the court.

Paras, J., and Blease, J., concurred.