[No. D016805. Fourth Dist., Div. One. Aug. 4, 1992.]

INLAND CASINO CORPORATION et al., Petitioners, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
FSE, INC., Real Party in Interest.

COUNSEL

Page, Polin, Busch & Boatwright, Ruben B. Brooks and Rochelle F. Blease for Petitioners.

Art Bunce as Amicus Curiae on behalf of Petitioners.

No appearance for Respondent.

Bruce R. Knowles and Rolf P. Colt for Real Party in Interest.

## OPINION

TODD, J.—Inland Casino Corporation (Inland)[1] seeks a writ of prohibition or mandate after the court overruled its demurrer to a cause of action to foreclose a mechanic's lien. Because we conclude the cause of action could possibly affect Indian trust land, we grant the petition pursuant to *Boisclair* v. *Superior Court* (1990) 51 Cal.3d 1140 [276 Cal.Rptr. 62 [801 P.2d 305].

### FACTUAL AND PROCEDURAL BACKGROUND

The Barona Band is a federally recognized Indian tribe (the Tribe) with a governing body recognized by the Secretary of the Interior. The Barona reservation (the Reservation) is located in the County of San Diego and

---

[1] The demurrer and petition were also filed by Lloyd Donald Speer, an officer of Inland. Throughout the remainder of the opinion we refer only to Inland.

consists of "Indian lands" as defined in the Indian Gaming Regulatory Act. Inland operates a casino located on the Reservation for the Tribe.[2] Inland contracted with FSE for the fabrication and installation of over $200,000 in kitchen equipment at the bingo hall. After the equipment was installed Inland refused to pay in full.

FSE, Inc. filed a mechanic's lien against the "Barona Bingo Hall Addition." FSE then filed this action against Inland asserting 10 contract, common count, and fraud causes of action seeking money damages. In the 11th cause of action FSE sought to foreclose on the mechanic's lien. FSE applied ex parte for a right to attach order on the kitchen equipment. Inland opposed the application arguing the state court did not have subject matter jurisdiction because the court would be required to make a determination as to Indian trust property. The court denied the application without prejudice to renewal after a special demurrer to test jurisdiction.

Inland demurred to all causes of action, arguing the court did not have jurisdiction over disputes involving Indian lands and that FSE had failed to name indispensable parties, the Tribe and the United States government. As to the first 10 causes of action, the court concluded it had jurisdiction since FSE simply sought money damages against Inland. As to the foreclosure cause of action, the court had more difficulty but eventually concluded Inland is presently the owner of the equipment sought to be foreclosed upon and that the equipment was not owned by the Tribe or held in trust for it. The court did not find the Tribe or the United States to be indispensable parties. Accordingly, the court overruled the demurrer as to all causes of action. Apparently, in response to the court's ruling, the general council of the Tribe passed a resolution asserting ownership of the kitchen equipment and directing the tribal council and tribal attorney to take all steps necessary to protect its ownership interest. These proceedings ensued.

## DISCUSSION

### I

FSE raises three preliminary issues challenging Inland's right to bring this writ petition. ■ Relying on Corporations Code[3] section 2203, subdivision (a), FSE argues Inland cannot contest the jurisdiction of the trial court

---

[2]In October 1990 the Tribe contracted with National Gaming Corporation (NGC) to operate the Tribe's casino. In March 1991 NGC contracted with Inland to construct and operate a cardroom. In February 1992 the Tribe's general council declared NGC in default and terminated NGC's management contract and directed the chairman of the Tribe to execute a new management contract with Inland or Inland Casino Partners, of which Inland is a partner.

[3]All statutory references within section I of this opinion are to the Corporations Code unless otherwise specified.

because it "consented" to jurisdiction by having transacted unauthorized intrastate business. Section 2203, subdivision (a), provides that any foreign corporation which does not hold a valid certificate from the Secretary of State and transacts unauthorized intrastate business, shall be deemed to consent to the jurisdiction of California courts in any civil action in which it is named a defendant.

Initially, we note Inland is not contesting personal jurisdiction but rather the court's subject matter jurisdiction with respect to portions of the case that may impact property claimed by the Tribe. We question whether subject matter jurisdiction falls within the purview of section 2203, subdivision (a). However, assuming arguendo a defendant submitting to personal jurisdiction may not challenge subject matter jurisdiction, FSE has failed to meet its burden of proving Inland transacted unauthorized intrastate business. (See *Thorner* v. *Selective Cam Transmission Co.* (1960) 180 Cal.App.2d 89, 90-91 [4 Cal.Rptr. 409] [interpreting § 6801, predecessor statute to § 2203].) The issue should have been raised below thereby providing the proper record for review. (See, e.g., *Mediterranean Exports, Inc.* v. *Superior Court* (1981) 119 Cal.App.3d 605, 609-610 [174 Cal.Rptr. 169] [motion to strike pleadings on grounds defendant and cross-complainant lacked capacity to sue and defend]; *Neogard Corp.* v. *Malott & Peterson-Grundy* (1980) 106 Cal.App.3d 213, 218 [164 Cal.Rptr. 813] [trial on special defense that plaintiff lacked capacity to maintain lawsuit because of unauthorized intrastate business].) FSE cannot raise the issue for the first time on this writ.

■ Relying on section 2203, subdivision (c), FSE argues Inland is barred from filing this original proceeding. Subdivision (c) prohibits a foreign corporation which transacted unauthorized intrastate business from maintaining any action or proceeding[4] upon that business until it has complied with section 2105 requirements to obtain a certificate of qualification, paid certain fees and penalties, and filed with the court clerk receipts showing payment of fees, penalties and taxes. FSE admits Inland obtained a certificate of qualification in compliance with section 2105 before filing this petition. It claims, however, Inland has failed to comply with the additional requirements of section 2203, subdivision (c).

In its memorandum of points and authorities FSE alleges Inland transacted unauthorized intrastate business before obtaining a certificate of qualification on February 25, 1992. Inland in a reply letter claims it was engaged in

---

[4]Section 2203 does not prevent a foreign corporation transacting unauthorized intrastate business from defending when it is sued. (§ 2203, subd. (c); *Mediterranean Exports, Inc.* v. *Superior Court, supra,* 119 Cal.App.3d at p. 614.) Inland filed its petition for writ relief in furtherance of its defense against FSE's suit. Accordingly, section 2203, subdivision (c), may not apply to the instant petition. We do not reach this question because FSE's argument fails for other reasons.

"interstate commerce" and "commerce with the Barona Indian Tribe." Both claims are unsubstantiated and do not represent competent evidence. Additionally, the mere fact a foreign corporation obtains a certificate of qualification does not establish it has previously conducted unauthorized intrastate business. FSE has failed to meet its burden of demonstrating Inland transacted unauthorized intrastate business. (*Thorner* v. *Selective Cam Transmission Co.*, *supra*, 180 Cal.App.2d at pp. 90-91.)

▪ FSE further contends Inland has no standing to assert for its own benefit rights and immunities reserved for the United States or the Tribe. Sections 1086 and 1103 of the Code of Civil Procedure require that a person seeking writs of mandamus and prohibition be "beneficially interested." As the defendant whose demurrer was overruled, Inland has a beneficial interest in determining whether the court ruled incorrectly. Moreover, if we were to preclude a non-Indian party from raising jurisdictional questions as to possible Indian interests in property, a plaintiff could arguably avoid the court addressing important jurisdictional questions by simply not naming Indians as parties.

## II

Inland does not challenge the court's ruling as to the first 10 causes of action.[5] Rather, it requests this court to issue a writ of prohibition preventing the trial court from proceeding on the foreclosure cause of action or issuing any order, for an attachment or otherwise, that might affect the interests of the Tribe in the kitchen equipment. In the alternative Inland requests a writ of mandate issue compelling respondent to enter an order requiring FSE to attempt to join the Tribe and the United States as indispensable parties.

▪ Relying primarily on *Boisclair* v. *Superior Court*, *supra*, 51 Cal.3d 1140 (*Boisclair*), Inland argues state courts do not have jurisdiction to hear a dispute that may involve Indian property rights. *Boisclair* examined the proper construction of 28 United States Code section 1360.[6] Section 1360(a) gives specified states, including California, jurisdiction over civil disputes arising in Indian country in which Indians are parties. Section 1360(b),

---

[5]FSE contends that Inland is asking this court to prohibit the trial court from adjudicating any of the 11 causes of action. We agree with FSE that Inland's petition is confusing as to what ruling it is challenging and what relief it is requesting. In one place Inland asks this court to issue a writ of mandate directing the court to vacate its order and to enter a new order sustaining the demurrer "to the complaint on file." Inland, in a letter submitted in reply to FSE's answer, however, specifically limits its requested relief to the foreclosure cause of action and "any order, for an attachment or otherwise, that might affect" the Tribe's interest in the equipment.

[6]All statutory references within section II of this opinion are to title 28 of United States Code unless otherwise specified.

however, provides that "[n]othing in this section . . . shall confer jurisdiction upon the State to adjudicate . . . the ownership or right to possession" of any Indian property that is "held in trust by the United States or is subject to a restriction against alienation imposed by the United States."

*Boisclair* noted that statutes passed for the benefit of Indians are to be liberally construed in favor of the Indians. (51 Cal.3d at p. 1153.) It therefore interpreted section 1360(b) as precluding states "from asserting jurisdiction over *disputes* concerning Indian land, including . . . disputes in which one party claims the disputed property is non-Indian. As will appear, in order for section 1360(b)'s jurisdictional preclusion to operate and its protective purpose to be fulfilled, the threshold question must be whether one possible outcome of the litigation is the determination that the disputed property is in fact Indian trust land. If that outcome is possible, then a state court is barred from assuming jurisdiction of the case." (51 Cal.3d at p. 1152, italics in original.) The court found the language of section 1360(b) supported the position state court jurisdiction "is barred whenever one litigant claims the disputed property is Indian trust land." (51 Cal.3d at p. 1153.)

The initial question before us therefore is whether the foreclosure cause of action involves property that may be Indian trust land. FSE argued and the court concluded the foreclosure cause of action attempted only to foreclose on the kitchen equipment that was not Indian trust property. We disagree. The California Constitution guarantees persons a lien against property upon which they have bestowed labor or furnished material. (Cal. Const., art. XIV, § 3.) The lien attaches "to the work of improvement and the land upon which it is situated together with a convenient space about the same or so much as may be required for the convenient use and occupation thereof, . . ." (Civ. Code, § 3128.) A work of improvement is defined as "the entire structure or scheme of improvement as a whole." (Civ. Code, § 3106.) A mechanic's lien clearly attaches to the structure upon which the labor or material has been bestowed. It is the work of improvement and such land as may be required for its convenient use and occupation that is foreclosed upon.

FSE's claim of mechanic's lien states FSE claims a mechanic's lien for labor and equipment "furnished for a work of improvement" upon property described as "Barona Bingo Hall Addition." FSE's claim is consistent with the statutory scheme for establishing a mechanic's lien against the realty upon which labor or material has been bestowed. FSE however claims it is only seeking to foreclose on the equipment. The 11th cause of action describes the "work of improvement" as the food service equipment itself and requests the court to adjudge the rights and claims with respect to that

work of improvement. However, the cause of action is not entirely consistent with FSE's claim it only seeks to foreclose on the equipment since it seeks a deficiency judgment and also seeks to preclude "equity of redemption" once the time for redemption has passed. Rights of redemption apply to foreclosure of a mortgage or deed of trust on real property in which deficiency judgments are sought. (Code Civ. Proc., § 729.010 et seq.) FSE does not contend the Barona Bingo Hall is not Indian trust property. The trial court is without jurisdiction to hear a mechanic's lien foreclosure on the Indian realty.

Even if we were to accept FSE's position it only intended to foreclose upon the kitchen equipment, we would still reach the same conclusion. First, we question whether a mechanic's lien foreclosure action can ever apply simply to the materials supplied. As discussed above, the very nature of a mechanic's lien foreclosure action is to foreclose on the work of improvement. More importantly, even if FSE could theoretically foreclose upon the equipment alone, we conclude that under *Boisclair* the state court would not have jurisdiction to hear the cause of action. FSE argues *Boisclair* would not preclude foreclosure because the kitchen equipment cannot possibly be Indian trust property. It bases its position on the fact the kitchen equipment was acquired without the approval of the Secretary of the Interior. Inland on the other hand argues the kitchen equipment could be adjudged trust property based on the Tribe's claim of ownership in the property and because the equipment has become fixtures and part of the realty under California law. FSE vigorously disputes whether the equipment constitute fixtures and both sides refer to evidence demonstrating whether the parties intended the equipment to become Indian property or not. There is a clear dispute whether the equipment is Indian trust property. Under *Boisclair* the state court is without jurisdiction to adjudicate that dispute.

The court erred in overruling the demurrer as to the foreclosure cause of action and accordingly we issue a writ of mandate. However, we see no need to issue a writ of prohibition as to prospective court action. Inland has advised us the trial court has stayed all proceedings pending resolution of this proceedings. We presume the court will act in accordance with our decision should FSE seek an attachment or other order that could affect potential tribal interests. In light of our ruling as to the foreclosure cause of action, joinder of the Tribe and the United States in the remaining suit against Inland for money damages is unnecessary.

An alternative writ or order to show cause would add nothing to the presentation. A peremptory writ is proper. (Code Civ. Proc., § 1088; *United Nuclear Corp.* v. *Superior Court* (1980) 113 Cal.App.3d 359 [169 Cal.Rptr.

827]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

## DISPOSITION

Let a peremptory writ of mandate issue directing the court to vacate its order overruling Inland's demurrer as to the 11th cause of action and to enter a new order sustaining the demurrer without leave to amend as to that cause of action. As to all other relief requested, the petition is denied.

Work, Acting P. J., Huffman, J., concurred.