Filed 3/19/13  Wilson v. Super. Ct. CA5
Received for posting 3/21/13

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| NEKO WILSON, | F066521 |
| Petitioner, | (Fresno Super. Ct. No. 192419) |
| v. | |
| THE SUPERIOR COURT OF FRESNO COUNTY, | **OPINION** |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

## THE COURT[*]

ORIGINAL PROCEEDING; petition for writ of mandate.  John F. Vogt, Judge

Alonzo J. Gradford, for Petitioner.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Luis M. Vasquez, Leanne Le Mon, and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

---

[*] Before Cornell, A.P.J., Gomes, J., and Franson, J.

-ooOoo-

Petitioner challenges the denial of his discovery requests regarding the informant S. G., other confidential informants who may have provided information on this case, and whatever additional evidence pertinent to this case is in the possession of the Multiple Gang Enforcement Consortium (MAGEC).

The People concede that "the police and the district attorney must make reasonable efforts in good faith to locate the [material] informer so that either party or the court may, if desired, subpoena her as a witness….

An informant is a material witness 'if there appears, from the evidence presented, a reasonable possibility that he or she could give evidence on the issue of guilt that might exonerate the defendant.'"

The transcript of the interview with S. G. establishes that she was a percipient witness to discussions regarding a plan to rob the victims Gary and Sondra DeBartolo at their residence. S. G. indicated that the participants in those discussions were members of the Asian Boys Club, two Hispanic men, two Asian females, and another female who was called "Thumper." It appears that at one point during the interview, S. G. identified a photo as the person called "Thumper." Petitioner asserts without contradiction that one of those females was the codefendant Dawn Singh. S. G. also stated that at least one other male was involved but who was not present during the discussions.

From the facts revealed during the interview with S. G., there "'appears ... a reasonable possibility that ... she could give evidence on the issue of guilt that might exonerate the defendant.'" For example, S. G. might be able to identify one or more of the codefendants as being participants in the discussions. Thus, the Office of the District Attorney was obligated to make good faith efforts to locate S. G. and make her available to the defense.

2

With respect to petitioner's request for the identities of other confidential informants who might have provided information pertinent to the conspiracy and murders, the People concede the they must provide such information "if it is in the possession of the prosecuting attorney or if the prosecuting attorney knows it to be in the possession of the investigating agencies[.]"

The conclusional and unsworn verbal assertions by the Deputy District Attorney at the hearing held on November 30, 2012, that there were no confidential informants in this case other than S. G. constituted insufficient evidence that the Office of the District Attorney had made appropriate inquiries to the police agencies to determine whether there were reports regarding informants other than S. G. who provided or could provide information pertinent to the conspiracy and murders. Any such showing should have been made in sworn testimony and/or declarations declared to be true under penalty of perjury.

Petitioner is entitled to appropriate relief. (Code of Civ. Proc., § 1085; see *Whitney's at the Beach v. Superior Court* (1970) 3 Cal.App.3d 258, 266.) A peremptory writ of mandate is proper and should issue. (Code of Civ. Proc., § 1088; *Palma v. U. S. Industrial Fasteners, Inc*. (1984) 36 Cal.3d 171, 180-181; *Goodenough v. Superior Court* (1971) 18 Cal.App.3d 692, 697.)

The petition is granted as specified below, and otherwise denied.

Let a peremptory writ of mandate issue directing respondent superior court to vacate its denials of petitioner's requests regarding S. G. and any other confidential informants, and to order the People: 1) to make good faith efforts to locate and produce S. G. for the defense, 2) to make appropriate inquiries to the police agencies and officers who provided reports regarding information pertinent to this case from unnamed confidential informants to determine their identities and to inform the defense unless the superior court determines that such information should remain confidential, 3) to make

3

appropriate inquiries to determine whether said police agencies and officers possess any other information pertinent to or from S. G. which has not already been provided to the defense, and 4) to respond to the orders with a declaration under penalty of perjury.