Filed 11/19/14  Alonzo G. v. Super. Ct. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ALONZO G., <br><br> Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF TULARE COUNTY, <br><br> Respondent; <br><br> THE PEOPLE, <br><br> Real Party in Interest. | F069485 <br><br> (Super. Ct. No. JJD066008) <br><br> **O P I N I O N** |

### THE COURT[*]

ORIGINAL PROCEEDINGS; petition for writ of prohibition and/or mandate.

Lisa Bertolino, Public Defender, and Thomas C. McGuire, Assistant Public Defender, for Petitioner.

No appearance for Respondent.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Sean McCoy and Rebecca Whitfield, Deputy Attorneys General, for Real Party in Interest.

-ooOoo-

--------

[*]     Before Kane, Acting P.J., Detjen, J., and Peña, J.

STATEMENT OF FACTS

In 2012, the minor, Alonzo G., admitted a petition pursuant to Welfare and Institution Code section 602,[1] which alleged felony second-degree robbery (Pen. Code, § 211) and a felony assault with force likely to cause great bodily injury (Pen. Code, § 245).  The minor was made a ward of the court and ordered to participate in the Youth Treatment Center Unit for a period of 90 to 180 days.

On April 22, 2014, a section 602 petition was filed alleging that the minor violated Health and Safety Code sections 11378 (possession for sale) and 11550 (being under the influence).

On May 13, 2014, a section 777 petition was filed alleging a violation of probation.

On May 28, 2014, a hearing was held.  The prosecution informed the court that the section 602 petition had been filed by mistake and requested the court to arraign the minor on the section 777 petition.  The minor objected to the dismissal.  At that hearing, the court did not expressly dismiss the section 602 petition.  The section 602 petition was dismissed by minute order filed on May 28, 2014, which did not contain the findings required by *In re Juan C*. (1993) 20 Cal.App.4th 728, 752-753 and *In re Albert M*. (1992) 7 Cal.App.4th 353.  *In re Greg F*. (2012) 55 Cal.4th 393 stated:

> "A juvenile court's decision to dismiss a 602 petition under section 782 must be supported by a statement of 'specific reasons' in a minute order."  (*In re Greg F*., *supra*, 55 Cal.4th at p. 413.)

This petition for writ for prohibition and/or mandate was filed on June 6, 2014.

In its informal response filed on July 17, 2014, the Attorney General argues that the juvenile court expressed a sufficient reason when it stated at the hearing:

---

**1**    All further references to statutes are to the Welfare and Institutions Code unless otherwise stated.

"The Court: I know why they are doing it, because they want to make him eligible for a different disposal option."

The above quoted statement by the juvenile court was not a ruling on the request for a dismissal. Instead, the court was merely interpreting the reasons for that request. Moreover, that reason was not set forth in the minute order. Thus, that statement cannot comply with the above cited case authorities.

The informal response also argues that the juvenile court impliedly adopted the reasons given by the district attorney for the dismissal. However, the juvenile court could not satisfy the above authorities by impliedly adopting statements by the district attorney.

Petitioner is entitled to appropriate relief. (Code Civ. Proc., §1085; see *Whitney's at the Beach v. Superior Court* (1970) 3 Cal.App.3d 258, 266.) A peremptory writ of mandate is proper and should issue. (Code Civ. Proc., § 1088; *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180-181; *Goodenough v. Superior Court* (1971) 18 Cal.App.3d 692, 697.)

## **DISPOSITION**

Let a peremptory writ of mandate issue directing respondent court to vacate its order of May 28, 2014, in Tulare County Juvenile Court action No. JJD066008, to reconsider said order, and thereafter issue a new order either granting or denying the request of the district attorney to dismiss the petition filed pursuant to Welfare and Institutions Code section 602.

This court notes that nothing in this opinion is intended to indicate how the court should rule on that request.

The stay order filed in this court on June 30, 2014, shall remain in effect only until this opinion is final in all courts of this state, the juvenile court complies with the above stated directions or the California Supreme Court grants a hearing herein, whichever shall first occur; thereafter, said stay order is vacated and the stay is dissolved.

3